[Cite as *Elliot v. Durrani*, 2021-Ohio-3055.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| RICHARD ELLIOT, | : | APPEAL NO. C-180555<br>TRIAL NO. A-1504466 |
| Plaintiff-Appellant, | : | |
| vs. | | *O P I N I O N.* |
| | : | |
| ABUBAKAR ATIQ DURRANI, M.D., | : | |
| THE CENTER FOR ADVANCED SPINE<br>TECHNOLOGIES, INC., | : | |
| and | : | |
| TRIHEALTH, INC., f.d.b.a. THE GOOD<br>SAMARITAN HOSPITAL OF<br>CINCINNATI, OHIO, | : | |
| Defendants-Appellees. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal: September 3, 2021

*Robert A. Winter Jr., The Deters Law Firm Co., II, PA, James F. Maus* and *Alex Petraglia*, for Plaintiff-Appellant,

*Lindhorst & Dreidame Co., LPA, Michael F. Lyon, James F. Brockman, Taft Stettinius & Hollister LLP, Aaron M. Herzig, Russell S. Sayre, Philip D. Williamson* and *Anna M. Greve*, for Defendants-Appellees Abubakar Atiq Durrani, M.D., and the Center for Advanced Spine Technologies, Inc.,

*Rendigs, Fry, Kiely & Dennis, LLP, Michael P. Foley, Thomas M. Evans* and *Jessica L. Worth,* for Defendant-Appellee TriHealth, Inc., f.d.b.a. Good Samaritan Hospital.

**CROUSE, Judge.**

{¶1} Plaintiff-appellant Richard Elliot appeals the trial court's denial of his motion for leave to amend his complaint, and the trial court's grant of Abubakar Atiq Durrani, M.D., ("Durrani"), the Center for Advanced Spine Technologies, Inc., ("CAST"), and TriHealth, Inc.'s motions to dismiss. For the reasons that follow, we reverse the dismissal as to Durrani, but affirm the dismissal as to CAST and TriHealth.

### I. Facts and Procedure

{¶2} In early 2010, Elliot began suffering lower back pain and sought treatment from Durrani. Durrani allegedly recommended lumbar spinal-fusion surgery to alleviate Elliot's pain. Elliot underwent the surgery on March 1, 2010, at Good Samaritan Hospital. Unfortunately, Elliot's surgical wounds became infected and he required extensive postoperative treatment.

{¶3} In June 2014, Elliot filed suit against Durrani, CAST, and TriHealth (formerly Good Samaritan Hospital). Elliot voluntarily dismissed the case a few months later, in September 2014. He refiled the claims less than a year after dismissal, in August 2015. Elliot alleged medical malpractice, battery, lack of informed consent, intentional infliction of emotional distress, and fraud against Durrani. Elliot alleged vicarious lability, negligent hiring, retention, and supervision, fraud, and other statutory violations against CAST and TriHealth. Elliot later moved to amend the complaint to add a civil state law RICO claim against all of the defendants.

{¶4} Durrani, CAST, and TriHealth all moved to dismiss the complaint against them. All of the defendants asserted that Elliot's claims were barred by the medical statute of repose. Agreeing with the defendants, the trial court dismissed the case with prejudice. The trial court also denied Elliot's motion to amend his complaint, finding it futile in light of the statute of repose. Elliot appealed.

{¶5} After oral argument, but while this appeal was pending, the Ohio Supreme Court decided *Wilson v. Durrani*, Slip Opinion No. 2020-Ohio-6827. Therein, the court held that the saving statute, R.C. 2305.19, does not permit the refiling of actions beyond expiration of the medical statute of repose, R.C. 2305.113(C). The *Wilson* plaintiffs moved for reconsideration on three grounds: (1) the statute of repose had not yet expired due to the tolling provision in R.C. 2305.15(A), (2) the court wrongly determined that the saving statute does not apply to the statute of repose, and (3) the decision in *Wilson* should apply only prospectively. Due to the potentially binding effects of *Wilson*, Durrani and CAST moved to stay this appeal pending disposition of the motion for reconsideration. We granted the stay. We also stayed several other cases pending before this court that had the same issue in dispute.

{¶6} On March 2, 2021, the Ohio Supreme Court denied the motion for reconsideration as to the saving statute, but granted the motion for reconsideration as to the tolling statute and remanded *Wilson* for this court to consider, in the first instance, whether the repose period was tolled under R.C. 2305.15(A). On that same day, the court reversed a number of other cases on the authority of *Wilson* and remanded those cases to this court to consider the tolling-statute issue. For the efficient administration and resolution of these matters, we designated this appeal as the lead case, ordered supplemental briefing, and heard consolidated arguments on the issue. We address the argument, along with Elliot's other arguments, herein.

## II. Statute of Repose

{¶7} In his first assignment of error, Elliot contends that the trial court erred by granting Durrani, CAST, and TriHealth's motions to dismiss. We review de novo the grant of a motion to dismiss pursuant to Civ.R. 12(B)(6). *McNeal v. Durrani*, 2019-

3

Ohio-5351, 138 N.E.3d 1231, ¶ 9 (1st Dist.), *rev'd on other grounds, Scott v. Durrani*, 162 Ohio St.3d 507, 2020-Ohio-6932, 165 N.E.3d 1268.

{¶8} The motions to dismiss focused on the applicability of R.C. 2305.113(C), Ohio's four-year statute of repose for medical claims. Elliot alleges that his injuries arose from a March 1, 2010 spinal surgery performed by Durrani. He filed this lawsuit on August 9, 2015, more than five years after the surgery. Therefore, the statute of repose bars his claims unless an exception applies. Elliot argues that numerous exceptions apply in this case.

## A. Absent-Defendant Tolling Statute

{¶9} In December 2013, less than four years after Elliot's surgery, Durrani, who was under federal indictment, fled the country. Elliot claims that Durrani's flight from Ohio to Pakistan tolls all limitations periods, including the statute of repose, as to Durrani and CAST by virtue of R.C. 2305.15(A).[1]

{¶10} Elliot contends that R.C. 2305.15(A) expressly encompasses "sections 2305.04 to 2305.14 * * * of the Revised Code," and thus, applies to the statute of repose contained in R.C. 2305.113(C). Elliot cites several recent Ohio federal district court cases in support of his argument. *See, e.g., Landrum v. Durrani*, S.D.Ohio No. 1:18-cv-807, 2020 WL 3512808, *4 (Mar. 25, 2020) ("The tolling provision at §2305.15(A) expressly applies to '2305.04 to 2305.14,' thus encompassing the statute of repose at §2305.113(C)."); *Powers v. Durrani*, S.D.Ohio No. 1:18-cv-788, 2020 WL 5526401, *2 (Sept. 15, 2020) (applying *Landrum*); *Mahlenkamp v. Durrani*, S.D.Ohio No. 1:18-cv-817, 2021 WL 2012939, *3 (May 19, 2021) (same); *Sterling v. Durrani*, S.D.Ohio No. 1:18-cv-802, 2021 WL 2013012, *3 (May 19, 2021) (same).

---

[1] In his appellate brief, Elliot does not claim that R.C. 2305.15(A) applies to TriHealth. *See* Appellant's brief at 10 ("This error was preserved in the opposition briefs to the motions of Dr. Durrani/CAST.").

{¶11} Appellees argue that R.C. 2305.113(C) contains only a few exceptions to the four-year repose period, and tolling due to a defendant's absence is not one of them.

1. Claims Against Durrani

{¶12} The Ohio Supreme Court's decision in *Wilson*, Slip Opinion No. 2020-Ohio-6827, left open the question of whether the absent-defendant statute, R.C. 2305.15(A), applies to toll the four-year medical statute of repose, R.C. 2305.113(C).

{¶13} To answer that question now, we first turn to the plain language of R.C. 2305.15. R.C. 2305.15 is titled, "Tolling during defendant's absence, concealment or imprisonment," and states in pertinent part:

(A) When a cause of action accrues against a person, if the person is out of the state, has absconded, or conceals self, the period of limitation for the commencement of the action as provided in sections 2305.04 to 2305.14, 1302.98, and 1304.35 of the Revised Code does not begin to run until the person comes into the state or while the person is so absconded or concealed. After the cause of action accrues if the person departs from the state, absconds, or conceals self, the time of the person's absence or concealment shall not be computed as any part of a period within which the action must be brought.

{¶14} Elliot argues that R.C. 2305.15(A) expressly applies to "period[s] of limitation for the commencement of the action" and "period[s] within which the action must be brought," broad phrases which incorporate both the statute of limitations and the statute of repose set forth in R.C. 2305.113. Appellees conversely argue that because R.C. 2305.15(A) uses the phrase "the period of limitation" and the word "accrues," it refers only to the statute of limitation set forth in R.C. 2305.113(A).

{¶15} The first sentence of R.C. 2305.15(A) applies when the defendant absconds before the cause of action accrues. Under this circumstance, "the period of limitation for commencement of the action as provided in [R.C. 2305.113] does not begin to run * * * while the person is so absconded."

{¶16} R.C. 2305.113(C)(1), the medical statute of repose, states, "No action upon a medical * * * claim **shall be commenced** more than four years after the occurrence of the act or omission constituting the alleged basis of the medical * * * claim." (Emphasis added.) Thus, R.C. 2305.113(C) sets forth a "period of limitation for the commencement of the action."

{¶17} This view is affirmed by the Ohio Supreme Court's decision in *Wilson,* Slip Opinion No. 2020-Ohio-6827, at ¶ 35, wherein the court recognized that a "period of limitation" is broader than the "statute of limitations." In *Wilson*, the court noted that the phrase "period of limitation" "reasonably encompasses not only the statute of limitations, but also the statute of repose." *Id.* Thus, the first sentence of R.C. 2305.15(A) broadly applies to both the statute of limitations and the statute of repose.

{¶18} The second sentence of R.C. 2305.15(A) applies when the defendant absconds after a cause of action accrues. Under this circumstance, "the time of the person's absence * * * shall not be computed as any part of a period within which the action must be brought."

{¶19} R.C. 2305.113(C)(2) states, "If an action upon a medical * * * claim is not commenced within four years after the occurrence of the act or omission constituting the alleged basis of the medical * * * claim, then, any action upon that claim is barred." Thus, under R.C. 2305.113(C)(2), an action upon a medical claim must be brought within four years of the act or omission constituting the basis of the claim; any action brought more than four years after the act or omission is precluded. Based on this

6

language, R.C. 2305.113(C) sets forth "a period within which the action must be brought." Accordingly, the second sentence of R.C. 2305.15(A) also applies to both the statute of limitations and the statute of repose.

{¶20} The General Assembly's inclusion of the word "accrues" does not detract from this interpretation. A claim "does not accrue" if the injury giving rise to the claim "is undiscovered until after the [repose period] has ended." *Ruther v. Kaiser*, 134 Ohio St.3d 408, 2012-Ohio-5686, 983 N.E.2d 291, ¶ 21. If the injury is undiscovered when the statute of repose expires, then the "statute of repose bars the claim—the right of action—itself." *Wilson,* Slip Opinion No. 2020-Ohio-6827, at ¶ 9. That is, if the injury is not discovered within four years, then the claim never accrues and the cause of action never comes into existence.[2] *See CTS Corp. v. Waldburger*, 573 U.S. 1, 16-17, 134 S.Ct. 2175, 189 L.Ed.2d 62 (2014) (holding that statutes of repose define the scope of the cause of action, and thus, "a statute of repose can prohibit a cause of action from coming into existence.").

{¶21} A review of R.C. Chapter 2305 demonstrates the General Assembly's intent to prevent causes of action from accruing after a specified repose period. For example, the products-liability statute of repose, R.C. 2305.10(C)(1), provides that "**no cause of action** based on a product liability claim **shall accrue** against the manufacturer or supplier of a product **later than ten years** from the date that the product was delivered to its first purchaser or first lessee[.]" (Emphasis added.) Likewise, the construction statute of repose, R.C. 2305.131(A)(1), provides that "**no cause of action** * * * that arises out of a defective and unsafe condition of an

---

[2] We note that *Antoon v. Cleveland Clinic Found.*, 148 Ohio St.3d 483, 2016-Ohio-7432, 71 N.E.3d 974, seems to suggest that a cause of action can accrue after the statute of repose expires. *Id.* at ¶ 26 ("[O]ur discussion of vested causes of action was made solely in the context of addressing a claim that accrued after the statute of repose had expired."). However, the decision in *Antoon* concerned only whether the statute of repose applied to vested claims (claims that accrued within the four-year statute of repose). Thus, unlike the *Ruther* court, the *Antoon* court never squarely addressed whether a claim can accrue after the statute of repose has expired.

improvement to real property * * * **shall accrue** * * * **later than ten years** from the date of substantial completion of such improvement."[3]   (Emphasis added.)

{¶22}   These statutes evince a legislative understanding that the word "accrues" necessarily limits R.C. 2305.15(A) to circumstances in which the injury was discovered before the statute of repose expired.  *See CTS Corp.* at 16 (interpreting similar language in North Carolina's statute of repose and finding "it mandates that there shall be no cause of action beyond a certain point, even if no cause of action has yet accrued.").  A cause of action can never accrue after the statute of repose has run.  Thus, R.C. 2305.15(A) can only be invoked to toll the four-year repose period if the cause of action is discovered during the repose period.

{¶23}   Although R.C. 2305.15(A), on its face, applies to R.C. 2305.113(C), a statute of repose is subject to tolling only where there is " 'a particular indication that the legislature did not intend the statute to provide complete repose but instead anticipated the extension of the statutory period under certain circumstances[.]' "   *Wilson,* Slip Opinion No. 2020-Ohio-6827, at ¶ 29, quoting *California Pub. Employees' Retirement Sys. v. ANZ Securities, Inc.,* ____ U.S. ____, 137 S.Ct. 2042, 2050, 198 L.Ed.2d 584 (2017).  "[W]here the legislature enacts a general tolling rule in a different part of the code * * * courts must analyze the nature and relation of the legislative purpose of each provision to determine which controls."  *California Pub. Employees' Retirement Sys.* at 2050.

---

[3] A prior version of the medical statute of repose provided that "**no cause of action** for [medical malpractice] **shall accrue later than six years** from the date of the occurrence of the act or omission constituting the alleged basis of the claim of malpractice."   Former R.C. 2305.11(A)(2)(a).   This language was repealed in 2001, following the Ohio Supreme Court's declaration that the Tort Reform Act was unconstitutional in its entirety.  *See State ex rel. Ohio Academy of Trial Lawyers v. Sheward,* 86 Ohio St.3d 451, 715 N.E.2d 1062 (1999).

**{¶24}** Statutes of repose target defendants and "emphasize [their] entitlement to be free from liability after a legislatively determined time."[4] *Wilson* at ¶ 10, quoting *CTS Corp.,* 573 U.S. at 9, 134 S.Ct. 2175, 189 L.Ed.2d 62. "A statute of repose confers on a defendant a personal privilege of sorts, in the form of an immunity from further liability." *Secy., United States Dept. of Labor v. Preston,* 873 F.3d 877, 884 (11th Cir.2017). They are intended to provide " 'a fresh start' " and " 'embody[] the idea that at some point a defendant should be able to put past events behind him.' " *Wilson* at ¶ 9, quoting *CTS Corp.* at 9. For that reason, statutes of repose begin to run on the date of the defendant's last culpable act or omission instead of when the cause of action accrues. *CTS Corp.* at 8.

**{¶25}** Because statutes of repose are designed to "grant complete peace to defendants," they are generally not subject to equitable tolling. *California Pub. Employees' Retirement Sys.* at 2052. However, the repose period may be subject to alteration through statute. *Id.* at 2050.

**{¶26}** Absent-defendant tolling statutes, much like statutes of repose, target defendants[5] and ask whether the defendant relinquished a time limitation by leaving the state, absconding himself, or concealing himself. When defendants leave the state, potentially becoming difficult to locate or hard to serve, the privilege granted by the statute of repose is frustrated. Therefore, the absent-defendant tolling statute must control.

**{¶27}** The enactment and legislative history of R.C. 2305.15(A) provide further evidence that the General Assembly intended to toll every limitation period under R.C.

---

[4] Compare statutes of limitations which target plaintiffs and "emphasize [their] duty to diligently prosecute known claims." *Wilson* at ¶ 10, quoting *CTS Corp.* at 8.
[5] Compare saving statutes which focus on the plaintiff's particular circumstances and the fairness of holding him or her to a rigid statute of limitations.

2305.113. The General Assembly enacted the absent-defendant tolling statute in 1853. *See* Gen. Code 11228. As originally enacted, the tolling provision provided:

> When a cause of action accrues against a person, if he is out of the state, or has absconded, or conceals himself, the period of limitation for the commencement of the action as provided in this chapter, shall not begin to run until he comes into the state or while he is so absconded or concealed. After the cause of action accrues if he departs from the state, or absconds or conceals himself, the time of his absence or concealment shall not be computed as any part of a period within which the action must be brought.

Gen. Code 11228. In 1953, the General Assembly relocated the absent-defendant statute to R.C. 2305.15(A) and specified its application to "sections 2305.04 to 2305.14 * * * of the Revised Code."

{¶28} The absent-defendant statute was unquestionably intended to apply to statutes of limitations—i.e., the only time limitations in existence at its creation. However, the General Assembly began enacting statutes of repose in the late 1950s and early 1960s in response to "architects and builders [who] were increasingly subjected to suits brought by third parties long after work on a building had been completed." *Groch v. GMC*, 117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 337, ¶ 112. Over time, the General Assembly enacted statutes of repose in other areas of the law. In 1975, it enacted the first medical statute of repose. *See* Am.Sub.H.B. No. 682, 136 Ohio Laws, Part II, 2809, 2810-2811; *Mominee v. Scherbarth*, 28 Ohio St.3d 270, 272, 503 N.E.2d 717 (1986). Despite the addition of these new limitation periods, the absent-defendant statute has remained virtually unchanged.

{¶29} Since the 1950s, the General Assembly has amended R.C. 2305.15 three times and has never excluded statutes of repose from the time limitations to which it applies. In 2002 Am.Sub.S.B. No. 281 ("S.B. 281"), the General Assembly relocated the medical statute of repose from R.C. 2305.11(B) to R.C. 2305.113(C). Despite other amendments to R.C. 2305.15, the General Assembly maintained that R.C. 2305.15(A) applied to "sections 2305.04 to 2305.14 * * * of the Revised Code"; a range inclusive of the newly-enacted R.C. 2305.113(C).

{¶30} In the same bill, the General Assembly amended R.C. 2305.15(B) to expressly include the newly-enacted R.C. 2305.113. The amended version of R.C. 2305.15(B) provides: "When a person is imprisoned for the commission of any offense, the time of the person's imprisonment shall not be computed as **any part of any period of limitation**, **as provided in section * * * 2305.113** * * * of the Revised Code, within which any person must bring any action against the imprisoned person." (Emphasis added.) The Final Bill Analysis for S.B. 281 described the amendment of R.C. 2305.15 as "add[ing] a reference to section 2305.113 in the list of sections currently referenced by section 2305.15," and made no distinction between the statute of limitations and the statute of repose within R.C. 2305.113. S.B.No. 281, Final Bill Analysis. The legislature could have easily limited its cross-reference to the statute of limitations alone, or it could have located the statute of repose in a different section, but it chose not to do so. Instead, it retained the expansive language in R.C. 2305.15(B) and added a cross-reference to R.C. 2305.113 in its entirety.

{¶31} Reading both subsections of R.C. 2305.15 together, it would be inconsistent to find that the tolling provision in one subsection of the statute applies only to statutes of limitations while the tolling provision in the very next subsection applies to both statutes of limitations and statutes of repose. *See State ex rel. Herman v.*

11

*Klopfleisch*, 72 Ohio St.3d 581, 585, 651 N.E.2d 995 (1995), citing *United Tel. Co. of Ohio v. Limbach*, 71 Ohio St.3d 369, 372, 643 N.E.2d 1129 (1994) ("All statutes relating to the same general subject matter must be read in pari materia, and in construing these statutes in pari materia, this court must give them a reasonable construction so as to give proper force and effect to each and all of the statutes."). This further bolsters our conclusion that the General Assembly intended for a defendant's absence from the state to toll all applicable time limitations, including any applicable statute of repose.

{¶32} Furthermore, R.C. 2305.15(A) cannot be read in isolation from the rest of the Revised Code. Rather, the General Assembly's limitation of actions must be read as a cohesive chapter of the Revised Code.

{¶33} Built into the statute of repose is an express exception for legal disabilities under R.C. 2305.16. There are striking similarities between the absent-defendant statute in R.C. 2305.15(A) and the legal-disabilities statute in R.C. 2305.16. R.C. 2305.16 states:

> Unless otherwise provided in sections * * * 2305.04 to 2305.14 of the Revised Code, if a person entitled to bring any action mentioned in those sections, * * * is, **at the time the cause of action accrues**, within the age of minority or of unsound mind, the person may bring it within the respective times limited by those sections, after the disability is removed.
>
> * * *
>
> **After the cause of action accrues**, if the person entitled to bring the action becomes of unsound mind * * *, the time during which the person is of unsound mind and so adjudicated or so confined shall not be computed as **any part of the period within which the action must be brought.**

12

(Emphasis added.)

{¶34} A review of the relevant language shows that both statutes operate to toll the statutory period of limitations. Both statutes refer to these limitation periods as the "period within which the action must be brought." In addition, both statutes focus on when "the cause of action accrues." The only notable difference between R.C. 2305.15(A) and R.C. 2305.16 is the express exception in R.C. 2305.113(C) for application of the legal-disabilities statute.[6]

{¶35} There is no question that the language of R.C. 2305.16 applies to the statute of repose. So it would make no logical sense to conclude that the virtually identical language of R.C. 2305.15(A) does not apply to the statute of repose. But appellees claim that the broad language in *Wilson* prohibits such an interpretation.

{¶36} In *Wilson,* Slip Opinion No. 2020-Ohio-6827, at ¶ 29, the Ohio Supreme Court held that R.C. 2305.113(C) prohibits the commencement of any action upon a medical claim more than four years after the act or omission upon which the claim is based "[u]nless one of the stated exceptions applies." The court found that R.C. 2305.113(C) "expressly provides for tolling of the statute of repose under R.C. 2305.16 * * *, while not providing for application of any other statutory provisions that would toll or extend statutory time periods." *Id.* at ¶ 33. The court thus concluded, "Because the statute of repose now expressly incorporates only one statutory exception, other statutes that extend the time in which to bring an action must necessarily be excluded." *Id.*

---

[6] The General Assembly included R.C. 2305.16 as an express exception to the medical statute of repose only after the Ohio Supreme Court held the four-year repose period unconstitutional as applied to minors. *See Mominee v. Scherbarth*, 28 Ohio St.3d 270, 503 N.E.2d 717 (1986). As originally enacted, the medical statute of repose applied "to all persons regardless of legal disability and notwithstanding 2305.16." However, the year following the court's decision in *Mominee*, the General Assembly amended the medical statute of repose to include tolling for persons "within the age of minority, of unsound mind, or imprisoned, as provided by R.C. 2305.16."

{¶37} However, the decision in *Wilson* analyzed a very narrow issue—whether the savings statute in R.C. 2305.19 applied to extend the statute of repose in R.C. 2305.113(C).

{¶38} R.C. 2305.19(A) provides:

In any action that is commenced or attempted to be commenced, * * * if the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after the date of * * * the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later.

{¶39} R.C. 2305.19 is a saving statute. Saving statutes "are remedial and are intended to provide a litigant an adjudication on the merits." *Wilson* at ¶ 11. Thus, R.C. 2305.19 does not "operate[] to toll the statute of limitations." *Id.* at ¶ 18. "Rather, it provides a plaintiff with a limited period of time in which to refile a dismissed claim by commencing a new action that would otherwise be barred by the statute of limitations." *Id.* R.C. 2305.19 is made applicable to statutes of repose only by express incorporation. *See* R.C. 2305.10(C) (stating that the products-liability statute of repose applies "[e]xcept as otherwise provided in" R.C. 2305.19).

{¶40} Unlike R.C. 2305.19, R.C. 2305.15(A) is a tolling provision. Thus, R.C. 2305.15(A) does not allow a plaintiff to commence an action outside the statutory period. Instead, R.C. 2305.15(A) tolls the time to commence a timely action. R.C. 2305.15(A) extends the applicable period of limitation while the defendant is out of state or otherwise absconded, and permits a plaintiff to file a timely action within the extended period.

{¶41} Furthermore, unlike R.C. 2305.19, R.C. 2305.15(A) is not made applicable to statutes of repose by express incorporation. In fact, R.C. 2305.15(A)'s tolling

14

provision is not expressly included as an exception in *any* section of the Revised Code. Instead, R.C. 2305.15(A) alone sets forth the statutory sections to which it applies. By its terms, R.C. 2305.15(A) applies to "sections 2305.04 to 2305.14, 1302.98, and 1304.35 of the Revised Code."

{¶42} Comparing the two sections, it is clear that the nature and structure of R.C. 2503.15(A) vastly differs from that of R.C. 2305.19. Thus, although *Wilson* held that R.C. 2305.19 cannot save a plaintiff's claims beyond the medical repose period, the same rule cannot be applied to the dissimilar tolling provision of R.C. 2305.15(A). Accordingly, the Ohio Supreme Court's decision in *Wilson* does not control the result in this case.

{¶43} Based on the plain language, purpose, and history of R.C. 2305.15(A), as well as a cohesive reading of the Revised Code, we conclude that R.C. 2305.15(A) applies to toll the four-year medical statute of repose in R.C. 2305.113(C). Because Durrani fled the country in December 2013, less than four years after Elliot's surgery, the statute of repose is tolled and does not bar Elliot's claims against Durrani.

### 2. Claims Against CAST

{¶44} We are next asked to analyze whether R.C. 2305.15(A) tolls the statute of repose as to CAST.

{¶45} For R.C. 2305.15(A) to apply, the person against whom the cause of action accrues must be out of state, absconded, or concealed. However, Elliot does not contend that CAST is out of state, absconded, or concealed. Instead, Elliot contends that because Durrani is the sole owner of CAST, CAST is bound by Durrani's flight.

{¶46} Elliot cites *Tausch v. Riverview Health Inst.*, 187 Ohio App.3d 173, 2010-Ohio-502, 931 N.E.2d 613 (2d Dist.) in support of his argument. The court in *Tausch* held that when a statute of limitations is tolled as to a doctor pursuant to *Frysinger v.*

15

*Leech*, it is also tolled as to the hospital where the doctor performed the surgery. *Id.* at ¶ 36.

{¶47} *Frysinger v. Leech*, 32 Ohio St.3d 38, 512 N.E.2d 337 (1987), established an exception to the "discovery rule" for the accrual of medical-malpractice actions. In general, "a cause of action for medical malpractice accrues and the statute of limitations commences to run when the patient discovers, or, in the exercise of reasonable care and diligence should have discovered, the resulting injury." (Internal quotations omitted.) *Id.* at 40. However, under *Frysinger*, the statute of limitations is tolled until the physician-patient relationship terminates. *Id.* at 41-42.

{¶48} The goals of the "termination rule" are to " 'encourage[] the parties to resolve their dispute without litigation, and stimulate[] the physician to mitigate the patient's damages.' " *Tausch* at ¶ 26, quoting *Frysinger* at 41. Due to "the values *Frysinger* identified and relied on in adopting the termination rule," the court in *Tausch* held that a related vicarious-liability claim arising out of the physician's negligence must be tolled against the hospital while the physician-patient relationship continues. *Id.* at ¶ 36. The court essentially determined that "it would be unreasonable to require a plaintiff to commence a suit against a hospital alleging negligence by a physician while still being treated by that physician." *Landrum v. Durrani* (*Landrum II*), S.D.Ohio No. 1:18-CV-807, 2020-WL-3501399, *4 (June 29, 2020).

{¶49} Thus, *Tausch* concerned only the "termination rule" in *Frysinger*, which tolls the statute of limitations for vicarious-liability claims against the hospital while the plaintiff is still being treated by the physician. *Tausch* is inapplicable to the tolling provision in R.C. 2305.15(A), which tolls the limitations periods when a physician is out of state, absconds, or conceals self, because its "reasoning only applies to tolling due to a continuing patient-physician relationship." *Landrum II* at *4.

{¶50} Accordingly, the tolling provision in R.C. 2305.15(A) applies only to claims against Durrani and not to claims against CAST.

B. Other Exceptions to the Statute of Repose

{¶51} The remaining arguments that Elliot has presented in an effort to circumvent the statute of repose have already been rejected by the Ohio Supreme Court or this court in recent precedent.

{¶52} First, Elliot contends that Ohio's savings statute, R.C. 2305.19(A), preserves his claims beyond the four-year statute of repose. This argument is squarely foreclosed by the Ohio Supreme Court in *Wilson,* Slip Opinion No. 2020-Ohio-6827. In *Wilson*, the court held that a plaintiff may not take advantage of the saving statute to refile a medical claim after the four-year repose period has expired. Thus, R.C. 2305.19 cannot save Elliot's untimely claims.

{¶53} In an attempt to elongate the repose period, Elliot argues that the statute of repose began to run from the last date of treatment rather than the date of surgery. The statute of repose measures liability from the date of "the act or omission constituting the alleged basis of the medical claim"—i.e., the "last culpable act" of the defendant. R.C. 2305.113(C); *Powers*, S.D.Ohio No. 1:18-cv-788, 2020 WL 5526401, at *2. We have previously held that postsurgical care does not constitute the "last culpable act" where the alleged negligently-performed surgery forms the basis of the medical claim. *McNeal*, 2019-Ohio-5351, 138 N.E.3d 1231, at ¶ 16.

{¶54} A review of the complaint in this case shows that Elliot's underlying claims rest on the assertion that "the surgery performed by Dr. Durrani was medically unnecessary and improperly performed." Although the complaint mentions improper follow-up care, those assertions necessarily flow from the alleged negligently-performed surgery. The postoperative care did not independently form

the basis of Elliot's claims, and nothing in the complaint alleges that any separate harm occurred by virtue of the postoperative care. Thus, the act from which the statute of repose runs is the March 1, 2010 surgery, which makes the underlying 2015 lawsuit untimely.

{¶55} Elliot further attempts to evade the statute of repose by arguing that because the Ohio Medical Board revoked Durrani's license before this action was filed, claims against Durrani are not claims against a "physician," and thus, not "medical claims" for purposes of R.C. 2305.113.[7]

{¶56} In *Levandofsky v. Durrani*, S.D.Ohio No. 1:18-CV-809, 2020 WL 5535872 (Feb. 26, 2020), the Southern District of Ohio addressed this issue and held that there is "nothing in the [statute of repose] to suggest that a medical claim based upon the medical treatment rendered by a licensed physician is suddenly transformed into a 'non-medical' claim if that physician's license is revoked years after the cause of action arose but before a patient files suit." *Id.* at *5. The court noted, "If interpreted otherwise, a physician who retired, or let his or her license lapse, would forever be subject to potential liability for medical claims." *Id.* at fn. 7. We agree with this reasoning and indicated as much in *Jonas v. Durrani*, 2020-Ohio-3787, 156 N.E.3d 365, ¶ 14 (1st Dist.), *rev'd on other grounds, Carr v. Durrani*, 163 Ohio St.3d 207, 2020-Ohio-6943, 168 N.E.3d 1188, when we stated, "the statute of repose is a 'true statute of repose' and nothing suggests that a doctor's subsequent loss of license after the repose period runs revives a forfeited claim."

{¶57} Durrani was licensed to practice medicine at the time he performed the March 2010 surgery. As stated above, Elliot's underlying claims rest on the assertion that "the surgery performed by Dr. Durrani was medically unnecessary and

---

[7] R.C. 2305.113(E)(3) defines a medical claim as "any claim that is asserted in any civil action against a physician * * * [.]"

improperly performed." There is nothing to suggest that Durrani's subsequent loss of license changed the nature of those claims. Thus, Durrani's subsequent loss of his medical license does not make the medical statute of repose inapplicable to this case.

{¶58} Finally, Elliot attempts to characterize his fraud and negligent-credentialing claims as nonmedical claims outside the purview of the statute of repose. However, we have repeatedly held that such claims fall squarely within the definition of "medical claims" under R.C. 2305.113(E)(3). *See Freeman v. Durrani*, 2019-Ohio-3643, 144 N.E.3d 1067, ¶ 23 (1st Dist.) ("[C]laims of post-surgery fraud fall under R.C. 2305.113(E)(3)(c)(i)–the claims arise out of medical treatment and result from acts or omissions in providing medical care."); *Couch v. Durrani*, 1st Dist. Hamilton Nos. C-190703, C-190704, C-190705, C-190706 and C-190707, 2021-Ohio-726, ¶ 10 ("[N]egligent-credentialing claims are 'medical claims' as defined in R.C. 2305.113(E)(3)(b)(ii)."). We see no reason to depart from our line of cases, and accordingly hold Elliot's fraud and negligent-credentialing claims constitute "medical claims" for purposes of the statute of repose.

{¶59} Based on our recent precedent, the statute of repose bars Elliot's claims against CAST and TriHealth.

{¶60} Elliot's first assignment of error is sustained in part and overruled in part.

### III. Amended Complaint

{¶61} In his second assignment of error, Elliot contends that the trial court erred by denying his motion for leave to file an amended complaint. Through his amended complaint, Elliot sought to add a civil state law RICO claim pursuant to the Ohio Corrupt Practices Act ("OCPA") under R.C. 2923.31 et seq.

{¶62} The denial of leave to amend a pleading is reviewed under an abuse-of-discretion standard. *Patterson v. V & M Auto Body*, 63 Ohio St.3d 573, 576, 589 N.E.2d 1306 (1992). "[A] trial court properly refuses to grant leave to amend when amendment would be futile." *Hensley v. Durrani*, 1st Dist. Hamilton No. C-130005, 2013-Ohio-4711, ¶ 14, citing *Natl. City Bank v. Citizens Natl. Bank of Southwest Ohio*, 2d Dist. Montgomery No. 20323, 2004-Ohio-6060, ¶ 26.

{¶63} To plead a civil RICO claim under the OCPA, the plaintiff must show:

(1) that conduct of the defendant involves the commission of two or more

specifically prohibited state or federal criminal offenses; (2) that the

prohibited criminal conduct of the defendant constitutes a pattern; and

(3) that the defendant has participated in the affairs of an enterprise or

has acquired and maintained an interest in or control of an enterprise.

*McNeal,* 2019-Ohio-5351, 138 N.E.3d 1231, at ¶ 21. "The failure to plead any of those elements with particularity results in a defective complaint that cannot withstand a Civ.R. 12(B)(6) motion to dismiss." *Morrow v. Reminger & Reminger Co., L.P.A.*, 183 Ohio App.3d 40, 2009-Ohio-2665, 915 N.E.2d 696, ¶ 27 (10th Dist.).

{¶64} Elliot's proposed amended complaint lacked the level of specificity required under the OCPA. Elliot claims that Durrani and TriHealth engaged in a pattern of corrupt activity by attempting to profit from unnecessary surgeries. However, Elliot's proposed amended complaint provided only conclusory statements that largely mirrored the language of the statute. The proposed complaint plainly alleged that Durrani performed unnecessary surgeries on patients at Good Samaritan Hospital and that TriHealth billed the patients for those surgeries. These allegations demonstrate, at best, a simple conspiracy devoid of the "degree of hierarchical organization and structure" required for a RICO enterprise. *Hager v. ABX Air, Inc.*, S.D.Ohio No. 2:07-

20

CV-317, 2008 WL 819293 (Mar. 25, 2008). Thus, Elliot did not plead facts sufficient to establish a civil state law RICO claim under the OCPA. *See McNeal* at ¶ 21 ("[T]he allegations primarily consist of conclusory statements that the defendant hospitals engaged in a pattern of corrupt activity by allowing Dr. Durrani to continue the surgeries, which is insufficient for purposes of R.C. 2923.32."). Accordingly, amendment would have been futile and denial of leave to amend was properly entered.

{¶65} Elliot's second assignment of error is overruled.

### IV. Conclusion

{¶66} For the foregoing reasons, we overrule Elliot's first assignment of error as to CAST and TriHealth, and affirm the judgment of the trial court. We also overrule Elliot's second assignment of error in its entirety. However, we sustain Elliot's first assignment of error as to Durrani, reverse the judgment of the trial court, and remand the cause for further proceedings consistent with this opinion.

Judgment accordingly.

**ZAYAS, P.J.,** and **BERGERON, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.