[Cite as *Edwards v. Ohio State Univ. Wexner Med. Ctr.*, 2025-Ohio-5819.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Stanley E. Edwards,                 :

        Plaintiff-Appellant,           :           No. 25AP-399
                                                 (Ct. of Cl. No. 2024-00773JD)

v.                                   :

                                                (ACCELERATED CALENDAR)

The Ohio State University Wexner     :
Medical Center,

                                            :

        Defendant-Appellee.           

                                            :

---

D E C I S I O N

Rendered on December 30, 2025

---

**On brief:** *Selph Law*, and *Theran J. Selph, Sr.*, for appellant.
**Argued:** *Theran J. Selph, Sr.*

**On brief:** *Dave Yost*, Attorney General, *Jeffrey L. Maloon*,
and *Michelle C. Brizes*, for appellee. **Argued:** *Jeffrey L. Maloon*.

---

APPEAL from the Court of Claims of Ohio

DINGUS, J.

{¶ 1} Plaintiff-appellant, Stanley E. Edwards, appeals from a judgment of the Court of Claims of Ohio granting the Civ.R. 12(B)(6) motion of defendant-appellee, The Ohio State University Wexner Medical Center ("OSUWMC"). For the following reasons, we affirm in part and reverse in part.

## I. Facts and Procedural History

{¶ 2} On November 1, 2024, Edwards refiled an action against OSUWMC relating to surgical gauze being left in his body during surgical procedures.[1] Presuming all factual allegations in Edwards' complaint as true, and making all reasonable inferences in his favor, the complaint set forth the following facts. On February 14, 2020, Edwards presented to OSUWMC with acute right leg ischemia and underwent a surgical procedure during which surgical gauze was used. Edwards underwent an additional surgery on his right leg at OSUWMC on March 25, 2020, during which surgical gauze was again used. On March 30, 2020, Edwards underwent a skin graft on his right leg. He did not have any additional surgical procedures until November 2020 after x-ray imaging showed the presence of a foreign body in his leg.

{¶ 3} On November 17, 2020, Edwards underwent surgery to remove the foreign body which was determined to be surgical gauze. The OSUWMC surgeons did not remove all the gauze because of its proximity to the popliteal vessels and a nerve. On November 23, 2020, OSUWMC surgeons attempted to remove additional gauze from Edwards' right leg, but they failed to fully remove it. Thus, after November 23, 2020, gauze remained in Edwards' leg. Through August 2021, Edwards continued to treat with OSUWMC relating to his right leg issues. Edwards generally alleged that OSUWMC was negligent in leaving surgical gauze in his leg, causing him to suffer serious injury and harm.

{¶ 4} On November 13, 2024, OSUWMC filed a motion to dismiss pursuant to Civ.R. 12(B)(6) on the basis that Edwards' claims were barred because they were filed beyond the four-year statute of repose period set forth in R.C. 2305.11(C). In March 2025, the Court of Claims granted OSUWMC's motion and dismissed all of Edwards' claims with prejudice pursuant to Civ.R. 12(B)(6).

{¶ 5} Edwards timely appeals.

## II. Assignment of Error

{¶ 6} Edwards assigns the following sole assignment of error for our review:

> The Trial Court erred in dismissing all of Mr. Edwards' claims
> against OSUWMC under R.C. §2305.113(C).

---

[1] Edwards initially filed the action against OSUWMC on November 15, 2021, which was assigned Ct. of Cl. case No. 2021-00663JD. On November 2, 2023, the Court of Claims granted Edwards' motion to dismiss the case without prejudice, subject to refiling pursuant to R.C. 2305.19.

**III. Discussion**

{¶ 7} In his sole assignment of error, Edwards contends the Court of Claims erred in dismissing all of his claims against OSUWMC. This assignment of error has merit.

{¶ 8} Pursuant to Civ.R. 12(B)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. A Civ.R. 12(B)(6) motion to dismiss tests the sufficiency of the complaint. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245 (1975). In ruling on a motion to dismiss pursuant to Civ.R. 12(B)(6), the court must construe the complaint in a light most favorable to the plaintiff, presume all factual allegations in the complaint are true, and make all reasonable inferences in favor of the plaintiff. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). The dismissal of a complaint for failure to state a claim is proper when it appears, beyond doubt, that the plaintiff can prove no set of facts entitling him to relief. *Clark v. Grange Ins.*, 2025-Ohio-3243, ¶ 7 (10th Dist.). When reviewing a decision on a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, this court's standard of review is de novo. *Foreman v. Ohio Dept. of Rehab. & Corr.*, 2014-Ohio-2793, ¶ 9 (10th Dist.).

{¶ 9} Here, the Court of Claims dismissed all of Edwards' claims against OSUWMC pursuant to Civ.R. 12(B)(6) based on its application of Ohio's four-year statute of repose for medical claims. R.C. 2305.113(C)(1) provides that, except as otherwise provided in the section, "[n]o action upon a medical. . . claim shall be commenced more than four years after the occurrence of the act or omission constituting the alleged basis of the medical. . . claim." If an action on a medical claim "is not commenced within four years after the occurrence of the act or omission constituting the alleged basis of the medical. . . claim, then, any action upon that claim is barred." R.C. 2305.113(C)(2).[2] R.C. 2305.113(C) is "a true statute of repose that applies to both vested and nonvested claims." *Antoon v. Cleveland Clinic Found.*, 2016-Ohio-7432, ¶ 1. Thus, a medical negligence action "must be filed within four years of the occurrence of the act or omission alleged to have caused a plaintiff's injury." *Id.* At issue is whether all of Edwards' claims against OSUWMC were barred by the four-year statute of repose.

---

[2] R.C. 2305.113(D)(1) and (2) contain exceptions to the four-year statute of repose in certain circumstances involving a "foreign object" being left in the body of the person making the claim. The Court of Claims determined that neither of these exceptions applies here, and Edwards does not challenge that determination.

{¶ 10} Edwards argues the Court of Claims erred in determining that the latest act or omission which could support a claim for medical negligence occurred on March 30, 2020, the last of the surgeries in which gauze was negligently placed and left in his leg. He asserts his claims were not limited solely to acts or omissions occurring on or before March 30, 2020. We agree.

{¶ 11} Citing *Elliot v. Durrani*, 2021-Ohio-3055, ¶ 53 (1st Dist.), the Court of Claims stated that the four-year period set forth in the statute of repose runs from the "last culpable act" of the defendant, and "[p]ost-surgical care does not constitute the 'last culpable act' where the alleged negligently-performed surgery forms the basis of the medical claim." (Mar. 28, 2025 Entry of Dismissal at 9-10.) The Court of Claims then reasoned that, while Edwards asserted he underwent corrective surgeries in November 2020 to remove the foreign body left in his leg, and continued to receive medical care from OSUWMC through August 4, 2021, these circumstances did not change the fact that, at the latest, the act or omission constituting the alleged basis of the medical claim occurred on March 30, 2020. This reasoning is flawed, however, because it does not properly consider Edwards' separately alleged medical claims based on acts or omissions occurring after November 1, 2020. *See Elliot* at ¶ 54 (analyzing whether "postoperative care . . . independently form[ed] the basis of [the plaintiff's] claims," and whether the complaint alleged "any separate harm occurred by virtue of the postoperative care").

{¶ 12} While Edwards did not allege that additional surgical gauze was placed in his leg after March 2020, he presented medical claims based on acts or omissions occurring after November 1, 2020. That is, Edwards' medical claims were not limited to the surgeries performed in February and March 2020. Edwards' complaint can be reasonably construed to allege that OSUWMC was negligent by failing to remove the gauze in his leg during the surgeries on November 17 and 23, 2020, and that following those surgeries, it continued to act negligently by not fully removing the gauze, and by failing to repair the nerve damage to and disfigurement of his right leg. Thus, while the gauze was initially placed and left in Edwards' leg in February and March 2020, the acts and omissions alleged to have begun in November 2020 did not solely involve post-surgical care but were instead separate negligent acts or omissions causing independent and separate harms. Because the complaint was filed within four years of those dates—when the acts or omissions forming

the basis of those negligence claims occurred—the statute of repose did not bar those claims.[3]

{¶ 13} Therefore, we find the Court of Claims erred in dismissing all of Edwards' claims. Although Edwards' complaint presented claims barred by the statute of repose, it also presented other claims not barred by that statute. Accordingly, we sustain Edwards' sole assignment of error.

## IV. Disposition

{¶ 14} Having sustained Edwards' sole assignment of error, we affirm in part and reverse in part the judgment of the Court of Claims of Ohio, and remand this matter to that court for further proceedings in accordance with law and consistent with this decision.

*Judgment affirmed in part and reversed in part;*
*cause remanded.*

JAMISON, P.J., and BEATTY BLUNT, J., concur.

————————————

---

[3] At oral argument, counsel for Edwards conceded that his claims based on acts or omissions occurring prior to November 1, 2020, were barred by the statute of repose. Conversely, counsel for OSUWMC conceded that Edwards' complaint presented negligence claims based on acts or omissions occurring after November 1, 2020 (separate and independent of his claims based on acts or omissions occurring earlier), and that those claims were not barred by the statute of repose.