DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Rachel Ann Snyder, Phillip W. Snyder, and Michelle Snyder, appeal the judgment of the Wayne County Court of Common Pleas, which granted appellee's, Keith Withrich's, motion to dismiss appellant's complaint pursuant to Civ.R. 12(B)(6) and denied appellants' motion to convert the motion to dismiss into a motion for summary judgment. This Court affirms.
 I. {¶ 2} Appellants were injured in a car accident on March 10, 2001. Appellants filed an initial complaint on March 6, 2003, alleging that they suffered bodily injuries and property damage in the car accident caused by appellee's negligence. On June 2, 2003, appellants voluntarily dismissed their initial complaint pursuant to Civ.R. 41(A). On June 9, 2004, appellants refiled their complaint, one year and seven days after the dismissal of their first complaint.
 {¶ 3} On July 14, 2004, appellee filed a motion to dismiss appellants' complaint pursuant to Civ.R. 12(B)(6). Appellee alleged that appellants had failed to state a claim upon which relief can be granted, because they refiled their complaint beyond the applicable statute of limitations.
 {¶ 4} Appellants filed a motion to convert appellee's Civ.R. 12(B)(6) motion to dismiss into a motion for summary judgment. Appellants did not allege that appellee's motion to dismiss presented matters outside the pleading. In fact, they conceded that appellee "has correctly enumerated the dates of the filings[.]" Rather, in conjunction with their motion to convert, appellants requested that they be permitted to conduct discovery regarding whether appellee was out of state at least seven days prior to the refiling of their complaint. Appellants did not file any such request for discovery during the pendency of the initial complaint. Under the circumstances, it is appellants who sought to present matters outside the pleading in an effort to establish that the statute of limitations was tolled and that their refiled complaint was, therefore, timely filed.
 {¶ 5} Appellee responded in opposition to appellants' motion to convert the motion to dismiss into a motion for summary judgment.
 {¶ 6} On August 23, 2004, the trial court denied appellants' motion to convert and granted appellee's motion to dismiss. The trial court found that, while R.C. 2305.19 might have saved appellants' action for refiling, appellants refiled their complaint after the expiration of the one-year time limit under the saving statute. The trial court further found that the tolling provision in R.C. 2305.15 was not applicable to extend the one-year time limit enunciated in R.C. 2305.19. Appellants timely appealed the August 23, 2004 judgment entry, setting forth two assignments of error for review. This Court consolidates the assignments of error for ease of review.
 II. ASSIGNMENT OF ERROR I
"Because R.C. 2305.19 expressly permits a plaintiff to refile an action within one year, or within the applicable statute oflimitations, whichever is longer, the trial court erred in that it failed to address the possibility that the statute of limitations period could have been longer than the one year provided by the savings statute."
 ASSIGNMENT OF ERROR II
"The trial court erred in granting a motion to dismiss where the face of the complaint could not demonstrate whether there were circumstances that would toll the statute of limitations, especially where appellants specifically requested that the motion be converted to a motion for summary judgment."
 {¶ 7} While conceding that the filing dates enumerated by appellee are correct, appellants nevertheless argue that additional discovery may establish facts outside the pleading. Specifically, appellants argue that additional discovery may establish that the statute of limitations for refiling their complaint may have been tolled pursuant to R.C. 2305.15. In addition, appellants argue that, if the statute of limitations was tolled, R.C. 2305.19 would have been applicable to save appellants' action. Appellants argue that both the statute of limitations and saving statute are remedial in nature and must be liberally construed. Therefore, appellants argue that the trial court erred by failing to convert appellee's motion to dismiss into a motion for summary judgment and allow appellants' further discovery regarding the timeliness of appellants' refiling of their complaint. This Court disagrees.
 {¶ 8} Pursuant to R.C. 2305.10, appellants must have brought their action for bodily injury and injury to personal property within two years of the date of the accident. Appellants timely filed their initial complaint four days prior to the running of the statute of limitations. The statute of limitations ran on March 10, 2003. There is nothing to indicate that appellants requested any discovery regarding appellee's possible absences from the state during the pendency of the initial action. Appellants voluntarily dismissed their initial complaint on June 2, 2003, after the statute of limitations had run.
 {¶ 9} R.C. 2305.19(A) provides, in relevant part:
"In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later."
 {¶ 10} Because the original applicable statute of limitations ran on March 10, 2003, appellants must have refiled their complaint within one year after the date of appellants' failure otherwise upon than upon the merits, i.e., the voluntary dismissal of their initial complaint. Appellants, therefore, must have refiled their complaint not later than June 2, 2004.
 {¶ 11} Appellants concede that they refiled their complaint seven days beyond June 2, 2004. They argue, however, that additional discovery might establish that appellee was out of state for some period of time between the dismissal of their initial action and the refiling of their complaint, so that R.C.2305.15 might have tolled the time within which appellants must have refiled their complaint.
 {¶ 12} R.C. 2305.15(A) provides:
"When a cause of action accrues against a person, if the person is out of the state, has absconded, or conceals self, the period of limitation for the commencement of the action as provided in sections 2305.04 to 2305.14, 1302.98, and 1304.35 of the Revised Code does not begin to run until the person comes into the state or while the person is so absconded or concealed. After the cause of action accrues if the person departs from the state, absconds, or conceals self, the time of the person's absence or concealment shall not be computed as any part of a period within which the action must be brought."
 {¶ 13} The Ohio Supreme Court has held that "[a] direction to liberally construe a statute in favor of certain parties will not authorize a court to read into the statute something which cannot reasonably be implied from the language of the statute." Szekelyv. Young (1963), 174 Ohio St. 213, paragraph two of the syllabus. The Supreme Court further stated that "the plain language of R.C. 2305.15 reveals that this savings provision does not apply to an action brought under R.C. 2305.19." Saunders v.Choi (1984), 12 Ohio St.3d 247, 249.
 {¶ 14} Although appellants timely brought their initial action under R.C. 2305.10, they voluntarily dismissed that complaint pursuant to Civ.R. 41(A). As in Saunders, but for the existence of R.C. 2305.19, appellants would have been unable to refile their complaint and maintain their cause of action. See,Saunders, 12 Ohio St.3d at 249. Because appellants filed their second complaint pursuant to R.C. 2305.19, and because R.C.2305.15 is not applicable to an action filed pursuant to R.C.2305.19, appellants were bound by the one-year time limitation set forth in R.C. 2305.19. Appellants failed to refile their complaint within that time limitation, and no additional facts which might become known through discovery would obviate the directives of the saving statute, R.C. 2305.19. Accordingly, the trial court did not err when it denied appellants' motion to convert appellee's motion to dismiss into a motion for summary judgment or when it granted appellee's motion to dismiss. Appellants' assignments of error are overruled.
 III. {¶ 15} Appellants' assignments of error are overruled. The order of the Wayne County Court of Common Pleas, which denied appellants' motion to convert and granted appellee's motion to dismiss, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J., Batchelder, J., Concur.
(Reader, J., retired, of the Fifth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)