[Cite as *Wilson v. Durrani*, 2021-Ohio-3226.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| ROBERT WILSON, | : | APPEAL NO. C-180196 |
| | | TRIAL NO. A-1506860 |
| Plaintiff-Appellant, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| ABUBAKAR ATIQ DURRANI, M.D., | : | |
| | | |
| and | : | |
| | | |
| CENTER FOR ADVANCED SPINE TECHNOLOGIES, INC., | : | |
| | | |
| Defendants-Appellees, | : | |
| | | |
| and | : | |
| | | |
| WEST CHESTER HOSPITAL, LLC, et al., | : | |
| | | |
| Defendants. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal: September 17, 2021

*Robert A. Winter Jr., The Deters Law Firm Co. II, P.A., James F. Maus* and *Alex Petraglia, The Deters Law Firm, P.S.C.*, and *Fred Johnson*, for Plaintiff-Appellant,

*Lindhorst & Dreidame Co., LPA, Michael F. Lyon, James F. Brockman, Paul Vollman, Taft Stettinius & Hollister LLP, Aaron M. Herzig, Russell S. Sayre, Philip D. Williamson* and *Anna M. Greve*, for Defendants-Appellees Abubakar Atiq Durrani, M.D., and the Center for Advanced Spine Technologies, Inc.,

*Bonezzi Switzer Polito & Hupp Co., L.P.A., Paul W. McCartney* and *Thomas F. Glassman*, for Defendant-Appellee Abubakar Atiq Durrani, M.D.

**ZAYAS, Presiding Judge.**

{¶1} This action is before us on remand from the Ohio Supreme Court. For the following reasons, we reaffirm our position recently stated in *Elliot v. Durrani*, 1st Dist. Hamilton No. C-180555, 2021-Ohio-3055, and hold that the repose period in R.C. 2305.113(C) may be tolled in accordance with R.C. 2305.15(A). Consequently, we find that the repose period in this case was tolled when defendant-appellee Abubakar Atiq Durrani fled the country in 2013, and therefore the statute of repose does not act as a bar to plaintiff-appellant Robert Wilson's claims against Durrani in this case. However, the repose period was not tolled in regard to Wilson's claims against the Center for Advanced Spine Technologies, Inc., ("CAST") and therefore those claims are barred by the statute of repose. Accordingly, we affirm the trial court's judgment in regard to the claims against CAST, but reverse the trial court's judgment in regard to the claims against Durrani and remand this cause to the trial court.

## Factual and Procedural Background

{¶2} This appeal represents one in over hundreds of cases filed against Durrani and the area hospitals where it is asserted that he performed hundreds of improper and unnecessary surgeries over the course of several years. Wilson began seeing Durrani in November of 2010. Durrani performed surgery on Wilson in February and April 2011 at West Chester Hospital ("WCH"). Following the surgeries, Wilson experienced worsened pain and immobility. On April 9, 2013, Wilson filed a complaint against Durrani, CAST, WCH, and UC Health in the Butler County Court of Common Pleas, alleging various claims relating to the surgeries performed. On December 11, 2015, Wilson voluntarily dismissed his Butler County complaint and filed a similar complaint in the Hamilton County Court of Common Pleas on

December 16, 2015. Durrani, CAST, and WCH separately moved for judgment on the pleadings, alleging that the complaint was time-barred by R.C. 2305.113(C), the medical-malpractice statute of repose. The trial court agreed and granted those motions.

{¶3} Wilson appealed the trial court's decisions, and this court entered a judgment on September 25, 2019, in *Wilson v. Durrani*, 2019-Ohio-3880, 145 N.E.3d 1071 (1st Dist.). In the opinion, we reversed the trial court's judgment, because we found that R.C. 2305.19, the saving statute, allowed actions to survive beyond expiration of the medical-malpractice statute of repose, when properly invoked. *Id.* at ¶ 31-32. Durrani and CAST appealed this court's decision, and the Ohio Supreme Court accepted the appeal.[1]

{¶4} On December 23, 2020, the Ohio Supreme Court reversed this court's judgment in *Wilson v. Durrani*, Slip Opinion No. 2020-Ohio-6827. In its decision, the Supreme Court held that the saving statute does not permit an action to be refiled beyond the expiration of the statute of repose and therefore found that the trial court had properly granted defendants-appellees judgment on the pleadings. *Id.* at ¶ 38-39. Wilson filed a motion for reconsideration of the Supreme Court's decision, alleging several grounds to be considered. The Supreme Court granted the motion in part and remanded the cause to us solely to consider whether the repose period was tolled under R.C. 2305.15(A).[2] *Wilson v. Durrani*, 161 Ohio St.3d 1453, 2021-Ohio-534, 163 N.E.3d 580.

---

[1] WCH and UC Health were dismissed as appellees in this case on June 24, 2019.

[2] In the original opinion, this court held that Wilson's claims constituted "medical claims" as defined in R.C. 2305.113(E)(3). *Wilson*, 2019-Ohio-3880, 145 N.E.3d 1071 at ¶ 19. This finding was not disputed on appeal to the Supreme Court. *Wilson*, Slip Opinion No. 2020-Ohio-6827, ¶ 13. Thus, this issue is not in dispute for the purposes of this opinion.

**Law and Analysis**

{¶5}    We recently discussed this issue in *Elliot v. Durrani*, 1st Dist. Hamilton No. C-180555, 2021-Ohio-3055, and held that R.C. 2305.15(A) may apply to toll the statute of repose found in R.C. 2305.113(C).  *Elliot* at ¶ 43.  We reaffirm that position here.

{¶6}    R.C. 2305.15(A) states:

When a cause of action accrues against a person, if the person is out of the state, has absconded, or conceals self, the period of limitation for the commencement of the action as provided in sections 2305.04 to 2305.14 * * * of the Revised Code does not begin to run until the person comes into the state or while the person is so absconded or concealed.  After the cause of action accrues if the person departs from the state, absconds, or conceals self, the time of the person's absence or concealment shall not be computed as any part of a period within which the action must be brought.

{¶7}    Subsection (A) clearly encompasses R.C. 2305.113 within the range of statutes to which tolling may apply.  The question we addressed in *Elliot* was whether the tolling statute applied to R.C. 2305.113 as a whole, including the statute of repose contained within subsection (C), or whether it applied solely to the statute of limitations found in subsection (A).  *Elliot* at ¶ 14.  Looking to the language of both statutes, we held that R.C. 2305.15(A) applies to both the statute of limitations and the statute of repose contained in R.C. 2305.113.  *Id.* at ¶ 17 and 19.

{¶8}    In addition to finding that R.C.2305.15(A), on its face, applies to R.C. 2305.113(C), we also found this conclusion to be consistent with the legislative intent.  *Id.* at ¶ 23-30.  We pointed out that the General Assembly has amended R.C.

2305.15 three times since the 1950s and "has never excluded statutes of repose from [its] time limitations." *Id.* at ¶ 29. We also noted that the General Assembly maintained the range of statutes to which R.C. 2305.15(A) applied in Senate Bill 281, where it relocated the statute of repose from R.C. 2305.11(B) to R.C. 2305.113(C) and made other amendments to R.C. 2305.15. *Id.*, citing 2002 Am.Sub.S.B. No. 281.

{¶9} The Generally Assembly expressly stated in Senate Bill 281 that R.C. 2305.15, among other sections, applies "to civil actions upon a medical claim * * * in which the act or omission that constitutes the alleged basis of the claim occurs on or after the effective date of this act."[3] 2002 Am.Sub.S.B. No. 281, Section 6(A), 3854. It then declared that a "medical claim," as used in section 6, had the same meaning as in R.C. 2305.113. 2002 Am.Sub.S.B. No. 281, Section 6(B), 3854. It did not in any way limit the applicability of the tolling statute to only certain sections of R.C. 2305.113. Those statements further support our conclusion in *Elliott* that the legislature intended R.C. 2305.15 to apply to R.C. 2305.113 as a whole and therefore provided that the repose period may be tolled under R.C. 2305.15(A).

{¶10} Moreover, in Section 3 of Senate Bill 281, the General Assembly expressly stated its findings and intent regarding the act. 2002 Am.Sub.S.B. No. 281, Section 3, 3848-3852. Among its express findings was a finding that the statute of

---

[3] Section 6 of Senate Bill 281 states:

Section 6. (A) Sections 1751.67, 2117.06, 2305.11, **2305.15**, 2305.234, 2317.02, 2317.54, 2323.56, 2711.21, 2711.21, 2711.22, 2711.23, 2711.24, 2743.02, 2343.43, 2919.16, 3923.63, 3923.64, 3929.71, and 5111.018 of the Revised Code, as enacted by this act, and sections 2303.23, 2305.113, 2323.41, 2323.42, 2323.43, and 2323.55 of the Revised Code, as enacted by this act, **apply to civil actions upon a medical claim**, dental claim, optometric claim, or chiropractic claim in which the act or omission that constitutes the alleged basis of the claim occurs on or after the effective date of this act.

(B) As used in this section, "medical claim," "dental claim," "optometric claim," and "chiropractic claim" have the same meanings as in section 2305.113 of the Revised Code.

(Emphasis added.) 2002 Am.Sub.S.B. No. 281, Section 6, 3854.

repose on medical claims "strikes a rational balance between the rights of prospective claimants and the rights of hospitals and health care practitioners." 2002 Am.Sub.S.B. No. 281, Section 3(A)(6)(a), 3850. In consideration of its findings, the General Assembly went on to declare "its intent to accomplish all of the following by enactment of this act: * * * (3) to continue to hold negligent health care providers accountable for their actions; [and] (4) to preserve the right of patients to seek legal recourse for medical malpractice." 2002 Am.Sub.S.B. No. 281, Section 3(B), 3851.

{¶11} By expressly stating that R.C. 2305.15 applied to R.C. 2305.113, without limitation, it is clear that the legislature found tolling of the statute of repose to be in accordance with its purpose to strike a rational balance between the competing interests of prospective claimants and hospitals and health care practitioners. This result also advances the legislature's intent to continue to hold negligent healthcare providers accountable for their actions and preserve the rights of patients to seek legal recourse for medical malpractice, while also accomplishing the result of not subjecting hospitals and healthcare providers to limitless litigation. Therefore, we reaffirm our position in *Elliot* and hold that R.C. 2305.15(A) may apply to toll the statute of repose in R.C. 2305.113(C).

{¶12} R.C. 2305.15 works to toll the four-year time period set by the General Assembly to limit the period for which an action may be commenced under R.C. 2305.113. It does not add time to the statute of repose; it stops the clock. *See* R.C. 2305.15(A). It creates a period within which time is not calculated towards the statute of repose when the defendant has left the state, absconded, or concealed himself or herself. *See id.* In this case, Wilson asserts that Durrani fled the country in December 2013, less than four years after Wilson's surgery. Durrani does not

dispute this allegation.[4]  Therefore, the statute of repose is tolled and does not bar Wilson's claims against Durrani because the repose period has yet to run.

{**¶13**}  However, the same result cannot be said for Wilson's claims against CAST.  "For R.C. 2305.15(A) to apply, the person against whom the cause of action accrues must be out of state, absconded, or concealed."  *Elliot*, 1st Dist. Hamilton No. C-180555, 2021-Ohio-3055, at ¶ 45.  Wilson does not contend that CAST is out of the state, absconded, or concealed.  Therefore, the tolling provision in R.C. 2305.15(A) applies to toll the statute of repose regarding the claims against Durrani, but does not operate to toll the statute of repose regarding the claims against CAST.  *See Elliot* at ¶ 50.  Accordingly, Wilson's refiled claims against CAST are barred by the statute of repose.  *See Wilson*, Slip Opinion No. 2020-Ohio-6827, at ¶ 39.

## Conclusion

{**¶14**}  For the foregoing reasons, we affirm the trial court's judgment regarding Wilson's claims against CAST; however, we reverse the trial court's judgment regarding Wilson's claims against Durrani and remand this cause to the trial court.

Judgment affirmed in part, reversed in part, and cause remanded.

**BERGERON** and **CROUSE, JJ.,** concur.

Please note:

The court has recorded its own entry this date.

---

[4] *See* Appellees' Supplemental Brief, 18 ("Dr. Durrani evidently left for Pakistan in December 2013.").