[Cite as *Osborn v. Durrani*, 2021-Ohio-3426.]

# IN THE COURT OF APPEALS
## FIRST APPELLATE DISTRICT OF OHIO
## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| TIMOTHY OSBORN, | : | APPEAL NO. C-200205 |
| | | TRIAL NO. A-1706612 |
| Plaintiff-Appellant, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| ABUBAKAR ATIQ DURRANI, M.D., | : | |
| | | |
| and | : | |
| | | |
| CENTER FOR ADVANCED SPINE | : | |
| TECHNOLOGIES, INC., | | |
| | | |
| Defendants-Appellees, | : | |
| | | |
| and | : | |
| | | |
| THE CHRIST HOSPITAL, et al., | : | |
| | | |
| Defendants. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Reversed in Part, and Cause
Remanded

Date of Judgment Entry on Appeal: September 29, 2021

*Robert A. Winter Jr., The Deters Law Firm Co. II, P.A.*, *James F. Maus* and *Alex Petraglia*, for Plaintiff-Appellant,

*Taft Stettinius & Hollister LLP, Aaron M. Herzig, Russell S. Sayre, Philip D. Williamson, Anna M. Greve, Lindhorst & Dreidame Co., LPA, Michael F. Lyon, James F. Brockman* and *Paul Vollman*, for Defendants-Appellees Abubakar Atiq Durrani, M.D., and the Center for Advanced Spine Technologies, Inc.,

*Bonezzi Switzer Polito & Hupp Co., L.P.A.*, *Paul W. McCartney* and *Thomas F. Glassman*, for Defendant-Appellee Abubakar Atiq Durrani, M.D.

**ZAYAS, Presiding Judge.**

{¶1} Plaintiff-appellant Timothy Osborn brings this appeal to challenge the trial court's grant of summary judgment in favor of defendants-appellees Abubakar Atiq Durrani, M.D., and the Center for Advanced Spine Technologies, Inc., ("CAST"). For the following reasons, we affirm the judgment of the trial court in part regarding Osborn's claims against CAST; however, we reverse the trial court's judgment regarding Osborn's claims against Durrani and remand this matter to the trial court for further proceedings consistent with this opinion and the law.

## Factual and Procedural Background

{¶2} This appeal represents one in over hundreds of cases filed against Durrani and the area hospitals where it is asserted that he performed hundreds of improper and unnecessary surgeries over the course of several years. On March 28, 2014, Osborn filed a complaint in the Butler County Court of Common Pleas against Durrani, CAST, and others for claims stemming from four surgeries performed on Osborn by Durrani. Osborn voluntarily dismissed the Butler County complaint on September 25, 2014. On August 15, 2016, Osborn filed a similar complaint in the Hamilton County Court of Common Pleas, alleging claims against Durrani, CAST, West Chester Hospital, LLC, UC Health, and Christ Hospital.[1] The complaint alleged that the surgeries occurred in 2009, February 2011, January 2012, and April 2013.

{¶3} On January 11, 2018, Durrani and CAST filed a joint motion for summary judgment, alleging that the claims against them were time-barred because Osborn failed to refile his complaint within one year from his dismissal of the Butler County complaint. The trial court agreed and granted summary judgment in favor of

---

[1] West Chester Hospital, LLC, and UC Health were voluntarily dismissed from this action in the trial court on June 21, 2019. Additionally, Christ Hospital was dismissed by this court on September 9, 2020, after Osborn filed a motion to dismiss the appeal and claims against it. Thus, they are not parties to this appeal.

Durrani and CAST on September 24, 2019.  The trial court found that all of Osborn's claims against Durrani and CAST were medical claims, subject to R.C. 2305.113, and were therefore barred by R.C. 2305.113(A), the one-year statute of limitations on medical claims.

{¶4}   On April 6, 2020, Osborn filed a motion to reconsider with the trial court, arguing that the trial court failed to consider R.C. 2305.15, the tolling statute, and asserted that his Hamilton County complaint was timely filed because the statute of limitations was tolled when Durrani fled the country in December 2013.[2]  The trial court denied the motion on April 30, 2020.  The trial court found that Osborn's Hamilton County complaint was brought pursuant to R.C. 2305.19, the saving statute, and, relying on *Saunders v. Choi*, 12 Ohio St.3d 247, 166 N.E.2d 889 (1984), found that R.C. 2305.15 was not applicable to an action brought under R.C. 2305.19.  Osborn now appeals.

**Law and Analysis**

{¶5}   In a sole assignment of error, Osborn argues that the trial court committed reversible error by granting defendants-appellees' motion for summary judgment and dismissing his claims against them.  In support of this assignment of error, he presents three issues for our review: (1) whether the trial court erred by failing to apply R.C. 2305.15(A) to the one-year statute of limitations found in R.C. 2305.113(A); (2) whether the trial court erred by finding that his fraud claims are "medical claims" subject to R.C. 2305.113 and not independent nonmedical claims; and (3) whether the trial court erred by dismissing his spoliation-of-evidence claim.

---

[2] The claims against Christ Hospital remained pending after the trial court granted Durrani and CAST's joint motion for summary judgment.

*Osborn's Claims Against Durrani*

{¶6}   Pursuant to R.C. 2305.113(A), an action upon a medical claim must be commenced within one year after the cause of action accrued.  However, the statute of limitations found in R.C. 2305.113(A) may be tolled pursuant to R.C. 2305.15(A). *Elliot v. Durrani*, 1st Dist. Hamilton No. C-180555, 2021-Ohio-3055, ¶ 17, 19.  R.C. 2305.15(A) provides:

> When a cause of action accrues against a person, if the person is out of the state, has absconded, or conceals self, the period of limitation for the commencement of the action as provided in sections 2305.04 to 2305.14 * * * of the Revised Code does not begin to run until the person comes into the state or while the person is so absconded or concealed.  After the cause of action accrues if the person departs from the state, absconds, or conceals self, the time of the person's absence or concealment shall not be computed as any part of a period within which the action must be brought.

{¶7}   Osborn asserts that Durrani fled to Pakistan in December of 2013, less than one year from the date of the last surgery performed on Osborn by Durrani. Durrani does not dispute this allegation.[3]  Thus, we know that the one-year time limitation could not have run before Durrani fled the country.  *See Wilson v. Durrani*, 1st Dist. Hamilton No. C-180196, 2021-Ohio-3226, ¶ 12.  R.C. 2305.15 stops the clock; it does not add time to the period of limitation.  *See id.*  It creates a period within which time is not calculated towards the period of limitation when the defendant is out of the state or departs from the state, absconds, or conceals himself

---

[3] *See* Appellees' Brief, 7 ("Dr. Durrani evidently left for Pakistan in December 2013."); *see also* Appellees' Supplemental Brief, 18.

4

or herself. *See id.* Therefore, under the plain language of R.C. 2305.15(A), the statute of limitations was tolled in regard to any claims against Durrani, regardless of whether Osborn's claims accrued before or after Durrani's flight.

{¶8} The trial court found, and Durrani now argues, that Osborn relied on R.C. 2305.19, the saving statute, to bring his Hamilton County complaint, and therefore, R.C. 2305.15 is not applicable to save his claims. Durrani points to several cases in support of his argument; however, all these cases address a situation in which the statute of limitations had run before the original action was dismissed. *See Saunders*, 12 Ohio St.3d at 250, 166 N.E.2d 889 ("Thus, although the statute of limitations had expired under appellant's original malpractice action brought under R.C. 2305.11 when said action was dismissed for failure to prosecute, R.C. 2305.19 provided appellant with another opportunity to revive her cause of action which would have been otherwise time-barred, but for the savings provision."); *Snyder v. Withrich*, 9th Dist. Wayne No. 04CA0065, 2005-Ohio-4091, ¶ 8 ("Appellants voluntarily dismissed their initial complaint on June 2, 2003, after the statute of limitations had run."); *Goodwin v. T.J. Schimmoeller Trucking*, 3d Dist. Wyandot No. 16-07-08, 2008-Ohio-163, ¶ 18 ("By the time the parties voluntarily dismissed the litigation on January 26, 2006, the original statute of limitations had expired."); *Coburn v. Thrush*, 5th Dist. Morrow No. 2005CA0018, 2006-Ohio-5354, ¶ 10 ("Appellants timely filed their complaint in September of 1999 and then voluntarily dismissed the same on November 13, 2002, after the statute of limitations had run.").

{¶9} In the case at bar, the statute of limitations was tolled and had yet to expire when Osborn dismissed his original action in Butler County. A saving statute acts as an exception to the general bar of the statute of limitations. *Wilson v.*

5

*Durrani*, Slip Opinion No. 2020-Ohio-6827, ¶ 11, citing *Chadwick v. Barba Lou, Inc.*, 69 Ohio St.2d 222, 232, 431 N.E.2d 660 (1982). Thus, saving statutes only apply when a claim would otherwise be time-barred by a statute of limitation. *See Internl. Periodical Distrib. v. Bizmart*, 95 Ohio St.3d 452, 2002-Ohio-2488, 768 N.E.2d 1167, ¶ 7; *see also Lohrenzen v. Brown*, 129 Ohio App.3d 770, 773, 719 N.E.2d 56 (8th Dist.1988), citing *Thomas v. Freeman*, 79 Ohio St.3d 221, 224, 680 N.E.2d 997 (1997) ("R.C. 2305.19 may be applied only to a case that was dismissed when the statute of limitations had already expired."); *Brunson v. Belmont Correctional Inst.*, Ct. of Cl. No. 2004-05996-AD, 2004-Ohio-5141, ¶ 1 ("Under the clear and unambiguous language of [R.C. 2305.19], a plaintiff must satisfy three specific requirements before the one-year refiling period is triggered: (1) plaintiff must have commenced or attempted to have commenced the original action within the statute of limitations period; (2) a judgment for the plaintiff is reversed or the action is dismissed otherwise than on the merits; and (3) at the time of the reversal or dismissal otherwise on the merits, the statute of limitations period had already run."); *Lewis v. Conner*, 21 Ohio St.3d 1, 4, 487 N.E.2d 285 (1985) ("Instead, it is clear that R.C. 2305.19 has no application unless an action is commenced and is then dismissed without prejudice after the applicable statute of limitations has run."); *Reese v. Ohio State Univ. Hosp.*, 6 Ohio St.3d 162, 163, 451 N.E.2d 1196 (1983) ("R.C. 2305.19 can have no application unless an action was timely commenced, was dismissed without prejudice, and the applicable statute of limitations had expired by the time of such dismissal."); *Garber v. Menendez*, 501 F.Supp.3d 467, 472 (N.D.Ohio 2020) ("Because the statute of limitations has not yet expired due to tolling, R.C. 2305.19(A) is wholly inapplicable.").

6

{¶10} Here, Osborn was not reliant on the saving statute when bringing his Hamilton County claims against Durrani because the claims were not time-barred by the statute of limitations. The trial court erred in finding to the contrary and therefore erred in finding that R.C. 2305.15(A) would not be applicable in this case. Accordingly, the trial court's judgment is reversed on this issue and the cause is remanded to the trial court.

*Osborn's Claims Against CAST*

{¶11} " 'For R.C. 2305.15(A) to apply, the person against whom the cause of action accrues must be out of state, absconded, or concealed.' " *Wilson*, 1st Dist. Hamilton No. C-180196, 2021-Ohio-3226, at ¶ 13, quoting *Elliot*, 1st Dist. Hamilton No. C-180555, 2021-Ohio-3055, at ¶ 45. Osborn does not contend that CAST is out of the state, absconded, or concealed. Therefore, the tolling provision in R.C. 2305.15(A) would not apply to toll the statute of limitations regarding the claims against CAST. *See id.* The trial court found that, at the latest, the accrual date of Osborn's cause of action was the date that Osborn filed his Butler County claims— March 28, 2014. Based on this accrual date, the trial court found that the statute of limitations would run on March 28, 2015. Thus, when Osborn dismissed his Butler County complaint, he was required to file his Hamilton County claims against CAST by March 28, 2015—the expiration of the statute of limitations—or, alternatively, by September 25, 2015—one year from the date he voluntarily dismissed his timely filed claims against CAST in Butler County. Osborn did not file his claims against CAST in Hamilton County until August 15, 2016. Therefore, the trial court did not err in finding that Osborn's claims against CAST were barred by the statute of limitations.

{¶12} Osborn presents two additional arguments for why the trial court erred in granting summary judgment in favor of CAST. In his second issue presented

7

for review, Osborn argues that his fraud claims are independent, nonmedical claims that do not constitute "medical claims" subject to R.C. 2305.113. However, this court has previously considered substantially the same argument and found the fraud claims to be "medical claims" subject to R.C. 2305.113. *E.g.*, *Freeman v. Durrani*, 2019-Ohio-3643, 144 N.E.3d 1067, ¶ 20 (1st Dist.), *appeal not accepted*, 158 Ohio St.3d 1436, 2020-Ohio-877, 141 N.E.3d 250; *Couch v. Durrani*, 1st Dist. Hamilton Nos. C-190703, C-190704, C-190705, C-190706 and C-190707, 2021-Ohio-726,¶ 29-30, *appeal not accepted*, 164 Ohio St.3d 1420, 2021-Ohio-2923, 172 N.E.3d 1048; *Janson v. Christ Hospital, Inc.*, 1st Dist. Hamilton Nos. C-200047, C-200048, C-200050, C-200052, C-200053, C-200054, C-200055 and C-200056, 2021-Ohio-1467, ¶ 31. Therefore, we find no error in the trial court's decision on this issue.

{¶13} In his final issue presented for review, Osborn argues that the trial court erred by dismissing the spoliation-of-evidence claims against CAST. One of the elements a plaintiff must show to prevail on a spoliation-of-evidence claim is disruption of his or her case. *Janson* at ¶ 32, citing *Smith v. Howard Johnson Co.*, 67 Ohio St.3d 28, 29, 615 N.E.2d 1037 (1993). Where all other claims in a case are properly dismissed by the trial court, a plaintiff will ultimately be unable to prove disruption of his or her case and a spoliation-of-evidence claim will inevitably fail. *Id.* Here, all other claims brought by Osborn against CAST were properly dismissed by the trial court as time barred. Therefore, summary judgment on the spoliation-of-evidence claim was proper.

{¶14} Osborn did not assert any argument that the trial court erred in dismissing his remaining claims against CAST. Errors not argued in the brief will be regarded as being abandoned. *Janson* at ¶ 33, citing *State v. Smith*, 1st Dist. Hamilton No. C-170028, 2018-Ohio-2504, ¶ 68. Therefore, we must hold that

Osborn abandoned any argument regarding his respective remaining claims against CAST. Accordingly, we affirm the judgment of the trial court granting summary judgment in favor of CAST. The assignment of error is sustained in part and overruled in part.

### Conclusion

{¶15} For the foregoing reasons, we affirm the trial court's judgment regarding Osborn's claims against CAST; however, we reverse the trial court's judgment regarding Osborn's claims against Durrani and remand this cause to the trial court for further proceedings.

Judgment affirmed in part, reversed in part, and cause remanded.

**BERGERON** and **CROUSE, JJ.**, concur.

Please note:

The court has recorded its own entry this date.