OPINION *Page 2 
{¶ 1} Defendant-appellant Jivan Properties, LLC appeals from the May 14, 2007, Magistrate's Decision and the June 1, 2007, Judgment Entries of the Stark County Court of Common Pleas.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant Jivan Properties, LLC and appellee Brownstone Developers II, LLC are both Ohio limited liability companies. On October 11, 2005, appellee filed a complaint against appellant and Jack Ivan, who appellant alleged was the sole member of appellant, alleging that appellant had fraudulently induced appellee to purchase specified property. Appellee, in its complaint, requested that the purchase be rescinded or, in the alternative, that judgment be rendered against Jack Ivan for compensatory and punitive damages.
 {¶ 3} Subsequently, the matter proceeded to trial before a Magistrate on April 19, 2007. The facts, as found by the Magistrate, are as follows.
 {¶ 4} In 2003 Jack and Jessica Ivan purchased lots 1085, 1086, 1087, 1088, and 33422 at an Auditor's sale. A large industrial building in considerable despair is located on the five lots.
 {¶ 5} Shortly after the Ivans purchased the property, Steve Coon approached the Ivans about purchasing the property. At Coon's request, Jack Ivan allowed Coon access to the property in order to inspect the same. Upon inspection, Coon and a chemist found an industrial laboratory, some unidentified material and some fifty-five gallon drums that contained unidentified material. The building was full of construction *Page 3 
debris from a collapsed roof and other sources. The basement was flooded at the time so Mr. Coon did not inspect the basement.
 {¶ 6} The condition of the building from a construction standpoint was of little concern to Coon, who is in the business of building restoration. However, Coon had no interest in the property based on the potential hazardous materials cleanup and EPA issues with the property.
 {¶ 7} Soon after Coon notified the Ivans about his disinterest in the property and the hazardous materials clean up potential, the Ivans quit claimed the property to appellant whose sole owners are the Ivans. The Ivans transferred the property to Jivan because of the environmental issues.
 {¶ 8} In December 2004, Jack Ivan contacted Coon concerning a potential sale of the property. After Coon indicated that he was not interested in purchasing the property unless all the environmental issues had been resolved, Ivan offered proof of remediation in the form of a letter from the United States Environmental Protection Agency. (`USEPA'). The letter stated that the government had spent Three hundred fifty thousand dollars ($350,000.00) cleaning up the property and that the USEPA would not place a lien on the property.
 {¶ 9} Earlier in December and after the USEPA had completed remediation, the Ohio Environmental Protection Agency (`OEPA') sent appellant a notice concerning OEPA violations. The letter cited eight administrative type violations (posting of notices and securing the building) and two hazardous materials violations. The estimated cost for further remediation was one hundred eighty five thousand dollars ($185,000.00). Appellant did not notify Coon of the OEPA letters. *Page 4 
 {¶ 10} Coon, along with four other investors, created appellee Brownstone Developers, II, LLC ("Brownstone") to purchase the property. Appellant and appellee entered into a purchase agreement on January 28, 2005. Appellant received two additional notices of violation from OEPA on January 2, and January 18, 2005, but did not notify appellee of the additional letters.
 {¶ 11} The purchase agreement, prepared by appellee Brownstone, contains an `AS IS' clause stating that appellee was responsible to inspect the property prior to entering into the purchase agreement. Coon and one of his partners inspected the building prior to entering into the agreement and found that the laboratory had been removed along with the fifty five gallon drums and any other unidentified material. He also noted additional deterioration of the structure, mostly due to being open to the elements. The basement of the structure once again was flooded and not inspected. Coon and his partner did not see any hazardous material warning signs posted on the exterior of the property.
 {¶ 12} At the closing of the property sale, appellee prepared an affidavit for Jack Ivan's signature that stated that he had no knowledge of any pending or threatened legal action or administrative action with respect to the premises. Jack Ivan signed the affidavit on March 10, 2005, the same day the deed was executed.
 {¶ 13} Pursuant to a "Magistrate's Decision Findings of Fact and Conclusions of Law" filed on May 14, 2007, the Magistrate found that appellant had fraudulently induced appellee to purchase the subject property. The Magistrate recommended that the purchase agreement and deed of transfer be rescinded. *Page 5 
 {¶ 14} Appellant then filed objections to the Magistrate's Decision. Appellant, however, did not provide the trial court with a transcript of the hearing or evidence before the Magistrate.
 {¶ 15} Pursuant to a Judgment Entry filed on June 1, 2007, the trial court overruled appellant's objections and adopted the Magistrate's Decision. In a separate Judgment Entry filed on the same day, the trial court ordered that the purchase agreement be rescinded and that the deed conveying the subject property from appellant to appellee be rescinded and declared null and void. The trial court also awarded appellee judgment against appellant in the amount of $3,125.41 and dismissed appellee's claim against Jack Ivan.
 {¶ 16} Appellant now raises the following assignment of error on appeal:
 {¶ 17} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY OVERRULING APPELLANT'S OBJECTIONS TO THE MAGISTRATE'S DECISION AND ENTERING JUDGMENT RESCINDING A REAL ESTATE PURCHASE CONTRACT BETWEEN APPELLEE AND APPELLANT, JIVAN PROPERTIES, LLC."
 I {¶ 18} Appellant, in its sole assignment of error, argues that the trial court erred by overruling its objections to the Magistrate's Decision and entering judgment rescinding the real estate purchase agreement between appellant and appellee. Appellant specifically contends that the trial court's decision was against the manifest weight of the evidence and contrary to law. We disagree.
 {¶ 19} As is stated above, appellant did not provide the trial court with a transcript of the proceedings when it filed its objections to the Magistrate's Decision. *Page 6 
 {¶ 20} Civ. R. 53(D)(3)(b)(iii) provides for proceedings in matters referred to magistrates, and states in pertinent part:
 {¶ 21} "(3) Magistrate's decision; objections to magistrate'sdecision.
 {¶ 22} "(iii) Objection to magistrate's factual finding; transcript oraffidavit. An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidencesubmitted to the magistrate relevant to that finding or an affidavit ofthat evidence if a transcript is not available. With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered. The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections. . . . " (Emphasis added)
 {¶ 23} Appellant has submitted a transcript of the evidentiary hearing held before the Magistrate to this Court for our review. However, we find that we are precluded from reviewing this transcript. We are also precluded from reviewing any exhibits which were accepted into evidence because only the transcript would indicate which exhibits were accepted into evidence. In State ex rel. Duncan v. Chippewa Twp. Trustees (1995),73 Ohio St.3d 728, 730, 654 N.E.2d 1254, the Ohio Supreme Court said, "When a party objecting to a referee's report has failed to provide the trial court with the evidence and documents by which the court could make a finding independent of the report, appellate review of the court's findings is limited to whether the trial court abused its discretion in adopting the referee's report, and the appellate court is precluded from considering the *Page 7 
transcript of the hearing submitted with the appellate record. [Citations omitted]."[1] This Court has held on numerous occasions that where an appellant fails to provide a transcript of the original hearing before the magistrate for the trial court's review, the magistrate's findings of fact are considered established and may not be attacked on appeal. Doane v. Doane (May 2, 2001), Guernsey App. No. 00CA21, 2001 WL 474267; Gordon v. Gordon, Knox App. No. 01-CA-26, 2002-Ohio-2888; and, McKee v. McKee, Coshocton App. No. 05-CA-14,2006-Ohio-630. Thus, the findings of the Magistrate, which are set forth above in the Statement of Facts, are considered established.
 {¶ 24} Appellant argues that Jack Ivan's affidavit was not part of the transaction or purchase agreement because it was not supported by consideration. However, without the transcript and the evidence, this Court cannot make such a factual determination.
 {¶ 25} Appellant also argues that the trial court's decision adopting the Magistrate's Decision was contrary to law because there is a complete absence of evidence as to the elements of a claim of fraudulent misrepresentation and because the "as is" clause in the purchase agreement bars claims for fraudulent nondisclosure as a matter of law.
 {¶ 26} Appellee alleged, and the trial court, in adopting the Magistrate's Decision, found, that appellee had been fraudulently induced into entering into the purchase agreement for the subject property. A prima facie case for fraudulent inducement must contain the following evidence: (1) a representation material to the transaction; (2) made falsely, with knowledge of its falsity, or with utter disregard and recklessness regarding its truth or falsity; (3) with the intent to mislead another into reliance; (4) justifiable *Page 8 
reliance on the representation or concealment; (5) and injury proximately resulting from such reliance. Burr v. Stark Cty. Bd. ofCommrs. (1986), 23 Ohio St.3d 69, 491 N.E.2d 1101, paragraph two of the syllabus.
 {¶ 27} Upon review of the case sub judice, this Court finds that there are sufficient factual findings within the Magistrate's decision to support the Magistrate's conclusion that appellee was fraudulently induced by appellant. The Magistrate, in his decision, found that Steve Coon had told Jack Ivan that he was not interested in purchasing the subject property unless the environmental issues were resolved and that, prior to the date of the purchase agreement, appellant had received notices of violations from the OEPA. The Magistrate further found that despite such notices, Jack Ivan misrepresented to Coon that all of the environmental issues had been resolved and provided him with the earlier letter from the USEPA indicating that the property's environmental issues had been resolved. However, Coon was not provided with the OEPA notice concerning the OEPA violations. The Magistrate further found that appellee, which had inspected the building prior to entering into the purchase agreement and had found that the laboratory and drums had been removed, had reasonably relied on Jack Ivan's misrepresentation based on the inspection and the USEPA letter. We find that the Magistrate's findings support judgment in favor of appellee.
 {¶ 28} While appellant further argues that appellee's claims were barred as a matter of law based on the "as is" clause contained in the purchase agreement, we note that an "as is" clause does not bar a claim for "positive" fraud, a fraud of commission rather than omission.Brewer v. Brothers (1992), 82 Ohio App.3d 148, 151, *Page 9 611 N.E.2d 492. An "as is" clause cannot be relied upon to bar a claim for fraudulent misrepresentation or fraudulent concealment. Id. In the case sub judice, appellant fraudulently misrepresented, when questioned by Coon, that the environmental problems had been fully resolved. As noted by appellee, appellee's claim was based on appellant's active misrepresentation. Even if we interpret the Magistrate's Findings to indicate that appellant only represented to appellee that the USEPA had no further issues with the property, versus that all environmental issues had been resolved, it is clear from the Magistrate's Findings that appellant fraudulently concealed information about the OEPA, knowing that appellee's overriding and ongoing question regarding the buying of the property was that all environmental issues had been resolved.
 {¶ 29} Based on the foregoing, appellant's sole assignment of error is overruled.
 {¶ 30} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.
Edwards, J., Hoffman, P.J. and Wise, J. concur. *Page 11 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] The term "referee" has been replaced by the term "magistrate." *Page 1