[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Elliot v. Durrani*, Slip Opinion No. 2022-Ohio-4190.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-4190

ELLIOT, APPELLEE, *v*. DURRANI, APPELLANT, ET AL.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Elliot v. Durrani*, Slip Opinion No. 2022-Ohio-4190.]

*Medical malpractice—Absconded defendant—R.C. 2305.15(A)—R.C. 2305.113(C)—R.C. 2305.15(A) tolls the medical-claim statute of repose, R.C. 2305.113(C), and therefore does not bar the filing of a medical-malpractice claim against a defendant while that defendant is absconded from the state.*

(No. 2021-1352—Submitted August 2, 2022—Decided December 6, 2022.)

APPEAL from the Court of Appeals for Hamilton County, No. C-180555, 2021-Ohio-3055.

_____

DONNELLY, J.

{¶ 1} This discretionary appeal asks whether the four-year statute of repose cuts off a plaintiff's time for filing a medical-malpractice claim when the defendant has fled the country before the statute of repose has expired. We hold that by its

plain language, R.C. 2305.15(A) tolls the medical-claim statute of repose, R.C. 2305.113(C), and therefore the statute of repose does not bar the filing of a claim during the defendant's absence. Consequently, we affirm the judgment of the First District Court of Appeals.

## I. BACKGROUND

{¶ 2} In March 2010, appellant, Abubakar Atiq Durrani, M.D., performed spinal surgery on appellee, Richard Elliot, at Good Samaritan Hospital of Cincinnati. Within a week, Elliot suffered pain and infection. Six weeks later, Elliot was unable to eat or drink and had lost 80 pounds. Elliot believes that Dr. Durrani and his clinic, Center for Advanced Spine Technologies, Inc., were responsible for performing his surgery unnecessarily, negligently, and without his informed consent. He also believes that Good Samaritan Hospital was negligent in credentialing Dr. Durrani, among other failings. In August 2013, the United States government indicted Dr. Durrani for criminal fraud related to his medical practice. *See United States v. Durrani*, S.D.Ohio Case No. 1:13-cr-84 (Aug. 7, 2013). Dr. Durrani fled to Pakistan in late 2013, and he has not returned.

{¶ 3} In August 2015, Elliot filed a medical-malpractice complaint against Dr. Durrani, his clinic, and Good Samaritan Hospital in the Hamilton County Court of Common Pleas.[1] Elliot is one of hundreds of plaintiffs who have filed similar malpractice and related claims against Dr. Durrani and his clinic. *See, e.g.*, *In re Dr. Durrani Medical Malpractice Cases*, S.D.Ohio No. 1:16-cv-004, 2016 WL 8199122 (June 20, 2016) (227 civil actions were consolidated before being remanded to state courts for lack of jurisdiction). Elliot's complaint against Dr. Durrani and Dr. Durrani's clinic was served in Pakistan in accord with the Hague Convention and Civ.R. 4.5(A). All the defendants answered the complaint and filed

---

1. The complaint was a refiling. Elliot's first complaint was filed in June 2014 to "preserve the statute of limitation[s]" and was then dismissed. *See Elliot v. Durrani*, Hamilton C.P. No. A1403492 (Sept. 16, 2014).

motions to dismiss, citing the four-year statute of repose as an absolute bar to the lawsuit.

**{¶ 4}** In July 2018, the trial court granted the motions to dismiss based on Elliot's having waited more than four years after the act or omission on which the claim was based to file his medical-malpractice complaint. The court held that R.C. 2305.15(A), which tolls certain limitations periods for filing lawsuits when a defendant absconds, does not toll the four-year statute of repose for medical claims. The court dismissed with prejudice Elliot's complaint against Dr. Durrani, his clinic, and the hospital.

**{¶ 5}** Elliot appealed. During the pendency of that appeal, this court issued its decision in *Wilson v. Durrani*, 164 Ohio St.3d 419, 2020-Ohio-6827, 173 N.E.3d 448. In *Wilson*, the plaintiffs had filed medical-malpractice claims against Dr. Durrani within four years of their surgeries. After the statute of repose had run, however, the plaintiffs dismissed their complaints pursuant to Civ.R. 41(A)(1)(a), *id*. at ¶ 2-3, which allows plaintiffs to dismiss their claims without prejudice under certain circumstances. The plaintiffs then refiled their lawsuits in another county, believing that R.C. 2305.19, which protects a complaint from the statute of limitations if it is refiled within a year of dismissal, tolled the statute of repose. *Wilson* at ¶ 5. This court held that the statute of repose in R.C. 2305.113(C) "clearly and unambiguously precludes the commencement of a medical claim more than four years after the occurrence of the alleged act or omission that forms the basis of the claim." *Id*. at ¶ 38.

**{¶ 6}** The plaintiffs in *Wilson* filed a motion for reconsideration, asserting that the statute of repose had not run, because under R.C. 2305.15(A), Dr. Durrani's flight to Pakistan tolled the limitation period during his absence from the country. We granted the motion in part and remanded the cause to the court of appeals "solely to consider whether the repose period was tolled under R.C. 2305.15(A)." *Wilson v. Durrani*, 161 Ohio St.3d 1453, 2021-Ohio-534, 163 N.E.3d 580.

**{¶ 7}** Before issuing its decision on remand in *Wilson*, the First District rendered its decision in this case. After considering the language of R.C. 2305.15(A) and this court's rulings in *Wilson*, the First District held that that statute does toll the repose period as to Dr. Durrani but does not toll the repose period as to the other defendants (Dr. Durrani's clinic and Good Samaritan Hospital). 2021-3055, 178 N.E.3d 977. Dr. Durrani appealed, and we accepted jurisdiction over his lone proposition of law: "The absent defendant statute, R.C. 2305.15, does not toll the medical claim statute of repose in R.C. 2305.113(C), (D)." *See* 166 Ohio St.3d 1401, 2022-Ohio-445, 181 N.E.3d 1184.

## II. LAW AND ANALYSIS

### A. Standard of Review

**{¶ 8}** We begin with the standard of review. "[I]ssues of statutory construction constitute legal issues that we decide de novo on appeal." *New York Frozen Foods, Inc. v. Bedford Hts. Income Tax Bd. of Rev.*, 150 Ohio St.3d 386, 2016-Ohio-7582, 82 N.E.3d 1105, ¶ 8. In any case concerning the meaning of a statute, our focus is the text. " '[O]ur inquiry begins with the statutory text, and ends there as well if the text is unambiguous.' " *State ex rel. Plain Dealer Publishing Co. v. Cleveland*, 106 Ohio St.3d 70, 2005-Ohio-3807, 831 N.E.2d 987, ¶ 38, quoting *BedRoc Ltd., L.L.C. v. United States*, 541 U.S. 176, 183, 124 S.Ct. 1587, 158 L.Ed.2d 338 (2004). "Thus, when a statute is unambiguous in its terms, courts must apply it rather than interpret it." *Id*.

### B. Relevant Statutes

**{¶ 9}** This case involves several statutes. First is R.C. 2305.113(A), which sets out the statute of limitations for medical claims. R.C. 2305.113(A) provides: "Except as otherwise provided in this section, an action upon a medical, dental, optometric, or chiropractic claim shall be commenced within *one year after the cause of action accrued*." (Emphasis added.) "Accrue" refers to when the injury

giving rise to the claim is discovered. *See Ruther v. Kaiser*, 134 Ohio St.3d 408, 2012-Ohio-5686, 983 N.E.2d 291, ¶ 21.

{¶ 10} R.C. 2305.113(C), the statute of repose for medical claims, provides:

Except as to persons within the age of minority or of unsound mind as provided by section 2305.16 of the Revised Code, and except as provided in division (D) of this section, both of the following apply:

(1) No action upon a medical, dental, optometric, or chiropractic claim shall be *commenced more than four years after the occurrence* of the act or omission constituting the alleged basis of the medical, dental, optometric, or chiropractic claim.

(2) If an action upon a medical, dental, optometric, or chiropractic *claim is not commenced within four years after the occurrence* of the act or omission constituting the alleged basis of the medical, dental, optometric, or chiropractic claim, then, any action upon that claim is barred.

(Emphasis added.) In other words, R.C. 2305.113(C) starts the statute of repose running on the date the alleged malpractice was committed, not the date of its discovery. The date of the alleged malpractice and the date when the injury from the alleged malpractice is or should have been discovered are fact-dependent and may be the same. *See Hershberger v. Akron City Hosp.*, 34 Ohio St.3d 1, 516 N.E.2d 204 (1987), paragraph one of the syllabus. On the other hand, the statute of repose may preclude the filing of a claim before it has even accrued. *Wilson*, 164 Ohio St.3d 419, 2020-Ohio-6827, 173 N.E.3d 448, at ¶ 16.

**{¶ 11}** R.C. 2305.113(D)(1) carves out some exceptions to the four-year statute of repose as follows:

> If a person making a medical claim, dental claim, optometric claim, or chiropractic claim, in the exercise of reasonable care and diligence, could not have discovered the injury resulting from the act or omission constituting the alleged basis of the claim within three years after the occurrence of the act or omission, but, in the exercise of reasonable care and diligence, *discovers the injury* resulting from that act or omission before the expiration of the four-year period specified in division (C)(1) of this section, the person may commence an action upon the claim not later than one year after the person discovers the injury resulting from that act or omission.

(Emphasis added.) R.C. 2305.113(D)(1) thus prescribes an exception to the four-year statute of repose based on an accrual date.

**{¶ 12}** R.C. 2305.113(D)(2) and (3) also use the date of accrual as a means of tempering the statute of repose:

> If the alleged basis of a medical claim, dental claim, optometric claim, or chiropractic claim is the occurrence of an act or omission that involves a foreign object that is left in the body of the person making the claim, the person *may commence an action upon the claim not later than one year after the person discovered the foreign object* or not later than one year after the person, with reasonable care and diligence, should have discovered the foreign object.

A person who commences an action upon a medical claim, dental claim, optometric claim, or chiropractic claim under the circumstances described in division (D)(1) or (2) of this section has the affirmative burden of proving, by clear and convincing evidence, that the person, with reasonable care and diligence, *could not have discovered the injury* resulting from the act or omission constituting the alleged basis of the claim within the three-year period described in division (D)(1) of this section or within the one-year period described in division (D)(2) of this section, whichever is applicable.

(Emphasis added.)    Regarding a foreign object left in the body, R.C. 2305.113(D)(2) introduces an accrual date that potentially expands the statute of repose indefinitely.

{¶ 13} The next relevant statute is the tolling statute, R.C. 2305.15, which states:

(A) When a cause of action accrues against a person, if the person is out of the state, has absconded, or conceals self, *the period of limitation* for the commencement of the action as provided in *sections 2305.04 to 2305.14 * * * does not begin to run* until the person comes into the state or while the person is so absconded or concealed.  After the cause of action accrues if the person departs from the state, absconds, or conceals self, *the time of the person's absence or concealment shall not be computed as any part of a period* within which the action must be brought.

(B) When a person is imprisoned for the commission of any offense, the time of the person's imprisonment shall not be computed *as any part of any period of limitation*, as provided in

section 2305.09, 2305.10, 2305.11, *2305.113* or 2305.14 of the Revised Code, within which any person must bring any action against the imprisoned person.

(Emphasis added.) The language in the above statute clearly incorporates the exceptions to R.C. 2305.113, the statute of repose for medical claims, into both sections.

{¶ 14} The final relevant statute is R.C. 2305.19(A), which provides:

In any action that is commenced * * *, if * * * the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the *original applicable statute of limitations*, whichever occurs later.

(Emphasis added.)

## C. *Wilson v. Durrani*

{¶ 15} Both Elliot and Dr. Durrani find support for their positions in *Wilson*, 164 Ohio St.3d 419, 2020-Ohio-6827, 173 N.E.3d 448. Dr. Durrani cites our holding in *Wilson* in support of his assertion that no exceptions to the statute of repose outside of those contained in R.C. 2305.113(C) and (D) shall be recognized. Quoting from our decision in *Wilson*, Dr. Durrani asserts that " 'R.C. 2305.113(C) is a true statute of repose that, except as expressly stated in R.C. 2305.113(C) and (D), clearly and unambiguously precludes the commencement of a medical claim more than four years after the occurrence of the alleged act or omission that forms the basis of the claim,' " *id.* at ¶ 38. But he fails to quote the rest of the paragraph, which puts the quotation in the context of the saving statute: "Expiration of the

statute of repose precludes the commencement, pursuant to the saving statute, of a claim that has previously failed otherwise than on the merits in a prior action," *id*. The holding in *Wilson* turned on there being no statute that allowed the plaintiffs' causes of action in that case to overcome the statute of repose.

{¶ 16} Elliot counters that *Wilson* examined whether the saving statute saves a cause of action from the statute of repose if it saves the action from the statute of limitations. *See id*. at ¶ 23-27. Concerning that discussion, this court cited *California Pub. Emps.' Retirement Sys. v. ANZ Securities, Inc.*, __ U.S. __, __, 137 S.Ct. 2042, 2050, 198 L.Ed. 2d 584 (2017), which held: "In light of the purpose of a statute of repose, the provision is in general not subject to tolling. Tolling is permissible only where there is a particular indication that the legislature did not intend the statute to provide complete repose but instead anticipated the extension of the statutory period under certain circumstances."

{¶ 17} This is exactly our situation here. As in this case, our analysis in *Wilson* turned on the language of the statute. In *Wilson*, we were asked to read into the saving statute an exception to the statute of repose. But the court held that neither the statute of repose nor the saving statute afforded it an avenue to do so. The statute of repose delineates discrete exceptions, none of which incorporate the saving statute. And the saving statute specifically mentions the circumstance that will stretch the statute of limitations, but it says nothing about the statute of repose. Accordingly, this court held in *Wilson* that R.C. 2305.113(C) "clearly and unambiguously" precludes refiling a claim beyond the limits of the statute of repose. *Wilson* at ¶ 38.

{¶ 18} Furthermore, the court emphasized that only explicit exceptions to the statute of repose are to be applied. *Id*., 164 Ohio St.3d 419, 2020-Ohio-6827, 173 N.E.3d 448, at ¶ 33. What we make clear now is that the explicit directives in other statutes matter as much as the directives in the statute of repose and are not to be ignored. The saving statute is not identified anywhere as an exception to the

medical-claim statute of repose. *See id.* at ¶ 37. But R.C. 2305.15(A) and (B) explicitly make the tolling statute an exception to the statute of repose. In other words, in *Wilson*, the court held that nothing in the saving statute rescued the cause of action in that case from the statute of repose. But here, the tolling statute explicitly rescues Elliot's cause of action from the statute of repose.

{¶ 19} That the tolling statute and the statute of repose are complementary rather than conflicting can hardly be denied. Certain language in *Wilson* may provide an avenue to attack them as incompatible, but only if we ignore the language in each statute. However, we are not authorized to ignore statutory language. "When statutory language is unambiguous, it must be applied as written, without resort to rules of statutory interpretation or considerations of public policy." S*tate ex rel. Paluch v. Zita*, 141 Ohio St.3d 123, 2014-Ohio-4529, 22 N.E.3d 1050, ¶ 13.

{¶ 20} Dr. Durrani has two responses. First, Dr. Durrani claims that the "period of limitation" in R.C. 2305.15 cannot refer to the medical-claim statute of repose, because "period of limitation" is the language of a statute of limitations, not a statute of repose. He also identifies what he perceives to be practical problems with a statute that applies "accrual" to a statute of repose. He asserts that because the tolling statute refers to when an action accrues, it cannot be applied to the statute of repose. But exceptions to the statute of repose appear in R.C. 2305.113(C) and (D), and yet those statutory subsections toll the statute of repose.

{¶ 21} Furthermore, this court in *Wilson* quoted with approval the meaning of the phrase "period of limitation" as interpreted by the Seventh Circuit Court of Appeals in *Hinkle v. Henderson*, 85 F.3d 298 (7th Cir.1996); that court applied the phrase to both a statute of repose and a statute of limitations. *See Wilson*, 146 Ohio St.3d 419, 2020-Ohio-6827, 173 N.E.3d 448, at ¶ 35. The phrase "period of limitation," which appears in R.C. 2305.113(A) and (B), is a broader term than "statute of limitations," which appears in the saving statute. *Wilson* at ¶ 35. As for

any perceived practical problems with applying R.C. 2305.15(A), such as a plaintiff's having to count a defendant's vacation days away from the state to determine whether a lawsuit can be filed within the statute of repose, our task is to apply unambiguous statutes as written. *Stolz v. J & B Steel Erectors, Inc.*, 146 Ohio St.3d 281, 2016-Ohio-1567, 55 N.E.3d 1082, ¶ 9. We do not second guess the legislature's policy choices. *See Groch v. Gen. Motors Corp.*, 117 Ohio St.3d 192, 2008-Ohio-883, 173 N.E.2d 377, ¶ 212.

{¶ 22} Dr. Durrani argues that we should not apply the express exemption to the statute of repose found in R.C. 2305.15(A), because that exemption is in the tolling statute rather than in the statute of repose. He quotes from *Wilson* in support of his argument that any exceptions to the medical-claim statute of repose are in the statute of repose: " 'Because the statute of repose now expressly incorporates only one statutory exception, other statutes that extend the time in which to bring an action must necessarily be excluded,' " *id.* at ¶ 33.

{¶ 23} But we have no authority to read an explicit statutory provision out of the Revised Code. R.C. 2305.15(A) states that the period of limitation as provided in *R.C. 2305.04 to 2305.14* "does not begin to run * * * while the person is so absconded." We must " 'giv[e] such interpretation as will give effect to every word and clause in [a statute],' " treating no part " 'as superfluous unless that is manifestly required, and * * * avoid[ing] that construction which renders a provision meaningless or inoperative.' " (First brackets sic.) *Boley v. Goodyear Tire & Rubber Co.*, 125 Ohio St.3d 510, 2010-Ohio-2550, 929 N.E.2d 448, ¶ 21, quoting *State ex rel. Myers v. Spencer Twp. Rural School Dist. Bd. of Edn.*, 95 Ohio St. 367, 373, 116 N.E. 516 (1917).

{¶ 24} Because R.C. 2305.15(A) is clear and unambiguous, no principles of statutory construction are needed to interpret it. Moreover, the legislature directs us that the "entire statute is intended to be effective." R.C. 1.47(B). The legislature has not authorized us to apply the tolling statute only in part. The statutory language

is unambiguous. Therefore, the statute must be applied as written and no further interpretation is necessary. *Stolz*, 146 Ohio St.3d 281, 2016-Ohio-1567, 55 N.E.3d 1082, at ¶ 9.

### III. CONCLUSION

{¶ 25} The legislature has presented us with an unambiguous tolling statute in R.C. 2305.15. We have no authority to apply only part of the statute, and our holding in *Wilson*, 164 Ohio St.3d 419, 2020-Ohio-6827, 173 N.E.3d 448, does not require us to do so. Furthermore, our holding today is consistent with the purpose of the statute of repose for medical claims, which identifies when a defendant is entitled to be free from liability. *See id.* at ¶ 10. The legislature has made clear in R.C. 2305.15 that an absconding defendant is not entitled to a four-year statute of repose that is not tolled. Therefore, we affirm the judgment of the First District Court of Appeals.

Judgment affirmed.

GWIN, STEWART, and BRUNNER, JJ., concur.

O'CONNOR, C.J., dissents.

KENNEDY, J., dissents, with an opinion joined by KLATT, J.

W. SCOTT GWIN, J., of the Fifth District Court of Appeals, sitting for FISCHER, J.

WILLIAM A. KLATT, J., of the Tenth District Court of Appeals, sitting for DEWINE, J.

———————————

**KENNEDY, J., dissenting.**

{¶ 26} In this discretionary appeal from the First District Court of Appeals, we are asked to decide whether the medical-claim statute of repose, R.C. 2305.113(C), is tolled under R.C. 2305.15(A) when the defendant in a medical-malpractice action has left the state of Ohio. R.C. 2305.15(A) does not create an express exception to the operation of the statute of repose. But the statute of repose

12

itself contains three express exceptions to its application. *See* R.C. 2305.113(C). However, the absconding of a defendant from Ohio is not one of those exceptions. Therefore, I would reverse the judgment of the First District and hold that the statute of repose is not tolled while the defendant is absconded from the state. Because the majority does not, I dissent.

**Law and Analysis**

*Statutory Interpretation*

{¶ 27} This case brings two statutory provisions into consideration: R.C. 2305.15(A) and 2305.113(C). "The interpretation of a statute is a question of law that we review de novo." *Stewart v. Vivian*, 151 Ohio St.3d 574, 2017-Ohio-7526, 91 N.E.3d 716, ¶ 23. "The question is not what did the general assembly intend to enact, but what is the meaning of that which it did enact." *Slingluff v. Weaver*, 66 Ohio St. 621, 64 N.E. 574 (1902), paragraph two of the syllabus. In answering this question, "we must examine the statutory scheme as a whole as well as the specific code sections immediately at issue." *Holben v. Interstate Motor Freight Sys.*, 31 Ohio St.3d 152, 156, 509 N.E.2d 938 (1987). "When the statutory language is plain and unambiguous, and conveys a clear and definite meaning, we must rely on what the General Assembly has said." *Jones v. Action Coupling & Equip., Inc.*, 98 Ohio St.3d 330, 2003-Ohio-1099, 784 N.E.2d 1172, ¶ 12.

{¶ 28} R.C. 2305.15(A) and 2305.113(C) are not in conflict. The absconding-defendant statute, R.C. 2305.15(A), establishes when an action must be commenced. The medical-claim statute of repose, R.C. 2305.113(C), establishes the point at which a person is completely barred from ever pursuing a medical-malpractice claim.

*The Absconding-Defendant Statute*

{¶ 29} R.C. 2305.15(A) states:

When a cause of action accrues against a person, if the person is out of the state, has absconded, or conceals self, the period of limitation for the commencement of the action as provided in sections 2305.04 to 2305.14, 1302.98, and 1304.35 of the Revised Code does not begin to run until the person comes into the state or while the person is so absconded or concealed. After the cause of action accrues[,] if the person departs from the state, absconds, or conceals self, the time of the person's absence or concealment shall not be computed as any part of a period within which the action must be brought.

{¶ 30} R.C. 2305.15(A) does not create an exception to the medical-claim statute of repose. It uses the phrase "period of limitation," which is synonymous with "statute of limitations." *See Black's Law Dictionary* 1707 (11th Ed.2019) ("statute of limitations" also termed "limitations period"). R.C. 2305.15(A) does refer to the period of limitation in R.C. 2305.113, because R.C. 2305.113(A) creates the one-year statute of limitations for medical-malpractice claims. R.C. 2305.15(A) therefore may expand the statute of limitations set forth in R.C. 2305.113(A). But it does not expand the specific provisions of R.C. 2305.113 that establish the complete bar to commencing a medical-malpractice action.

{¶ 31} The General Assembly enacted legislation in 1831 tolling the period of limitations for pursuing a legal action against a defendant who had left the state. *See* 29 Ohio Laws 41, 214, 216. This absconded-defendant legislation was later revised and included in Ohio's first Code of Civil Procedure enacted in 1852, *see* 51 Ohio Laws 57, 60 (effective July 1, 1853), and through subsequent legislative revisions came to be what is now R.C. 2305.15(A). For almost 172 years, there was no statute of repose to which the absconded-defendant legislation could apply, *see* 2002 Am.Sub.S.B. No. 281, Section 1, 149 Ohio Laws, Part II, 3791, 3799-

3804 (enacting R.C. 2305.113, effective Apr. 11, 2003)—it tolled only statutes of limitations. That remains true today: a plain reading of R.C. 2305.15(A) and its cross-references to the affected periods of limitations reveals that the absconding-defendant statute does not create an express exception to the medical-claim statute of repose while the defendant is absconded.

*The Medical-Claim Statute of Repose*

{¶ 32} This reading of the absconding-defendant statute is supported by the plain, unambiguous language of the medical-claim statute of repose, which establishes the point at which a person is completely barred from pursuing a medical-malpractice claim. R.C. 2305.113(C) provides:

> *Except as to persons within the age of minority or of unsound mind as provided by section 2305.16 of the Revised Code, and except as provided in division (D) of this section*, both of the following apply:
>
> (1) No action upon a medical * * * claim shall be commenced more than four years after the occurrence of the act or omission constituting the alleged basis of the medical * * * claim.
>
> (2) If an action upon a medical * * * claim is not commenced within four years after the occurrence of the act or omission constituting the alleged basis of the medical * * * claim, then, any action upon that claim is barred.

(Emphasis added.)

{¶ 33} The statute of repose is therefore subject to three express exceptions. First, it does not run while a claimant lacks legal capacity. *See* R.C. 2305.16. Second, the statute of repose is subject to a modified discovery rule:

15

> If a person making a medical claim, * * * in the exercise of reasonable care and diligence, could not have discovered the injury resulting from the act or omission constituting the alleged basis of the claim within three years after the occurrence of the act or omission, but, in the exercise of reasonable care and diligence, discovers the injury resulting from that act or omission before the expiration of the four-year period specified in division (C)(1) of this section, the person may commence an action upon the claim not later than one year after the person discovers the injury resulting from that act or omission.

R.C. 2305.113(D)(1). Third, when the claim is based on a foreign object left in the body of a person, "the person may commence an action upon the claim not later than one year after the person discovered the foreign object or not later than one year after the person, with reasonable care and diligence, should have discovered the foreign object." R.C. 2305.113(D)(2).

{¶ 34} The language of R.C. 2305.113(C) is plain and unambiguous; therefore, it must be applied as written. Except for these three things—legal incapacity, the accrual of the claim during the last year of the statute of repose, and the discovery of a foreign object left in the body—"[n]o action upon a medical * * * claim shall be commenced more than four years after the occurrence of the act or omission constituting the alleged basis of the medical * * * claim." R.C. 2305.113(C)(1). Had the General Assembly intended to provide other exceptions to the statute of repose, it would have included them in R.C. 2305.113(C). The inclusion of these three exceptions to the statute of repose is necessarily the exclusion of all other exceptions to it. *See* Scalia & Garner, *Reading Law: The Interpretation of Legal Texts* 107-111 (2012).

{¶ 35} We said as much in *Wilson v. Durrani*, 164 Ohio St.3d 419, 2020-Ohio-6827, 173 N.E.3d 448. The question in that case was whether the saving statute, R.C. 2305.19, allowed a medical claim that was filed within the statute of limitations but later dismissed to be refiled after the four-year period in the medical-claim statute of repose had expired. *Id.* at ¶ 1. We noted that R.C. 2305.113(C) creates express exceptions to the statute of repose but the General Assembly did not "incorporate the saving statute as an express exception to the medical statute of repose." *Id.* at ¶ 30. We further explained that "*other statutes that extend the time in which to bring an action must necessarily be excluded*." (Emphasis added.) *Id.* at ¶ 33. We concluded that "R.C. 2305.113(C) is a true statute of repose that, *except as expressly stated in R.C. 2305.113(C) and (D)*, clearly and unambiguously precludes the commencement of a medical claim more than four years after the occurrence of the alleged act or omission that forms the basis of the claim." (Emphasis added.) *Id.* at ¶ 38.

{¶ 36} In *Wilson*, we noted that a statute of repose is akin to "a discharge in bankruptcy * * * providing 'a fresh start' and 'embod[ying] the idea that at some point a defendant should be able to put past events behind him.' " (Brackets added in *Wilson*.) *Id.* at ¶ 9, quoting *CTS Corp. v. Waldburger*, 573 U.S. 1, 9, 134 S.Ct. 2175, 189 L.Ed.2d 62 (2014). In light of this purpose, we explained, "exceptions to a statute of repose require '*a particular indication* that the legislature did not intend the statute to provide complete repose but instead anticipated the extension of the statutory period under certain circumstances.' " (Emphasis added.) *Id.* at ¶ 29, quoting *California Pub. Emps.' Retirement Sys. v. ANZ Securities, Inc*., ___ U.S. ___, ___, 137 S.Ct. 2042, 2050, 198 L.Ed.2d 584 (2017). And since the General Assembly has created three express exceptions to the medical-claim statute of repose in R.C. 2305.113(C), no other exceptions should be recognized unless there is a statute that creates those exceptions clearly and unambiguously.

**{¶ 37}** R.C. 2305.15(A) does not contain a "particular indication" that the absconding of the defendant is an exception to the running of the medical-claim statute of repose. Again, it uses language that typically refers to a statute of limitations. It cross-references R.C. 2305.113 because the medical-claim statute of limitations is found in R.C. 2305.113(A). And as noted above, R.C. 2305.15(A) existed in some form well before the medical-claim statute of repose was enacted in 2002. The statute of repose came about as part of tort reform, in response to the rising costs of medical-malpractice litigation. 2002 Am.Sub.S.B. No. 281, Section 3, 149 Ohio Laws, Part II, 3791, 3848-3851. As this court recognized in *Wilson*, R.C. 2305.113(C) is *a true statute of repose* that establishes the point at which a person is completely barred from pursuing a medical-malpractice action, and other statutes that extend the time for filing suit do not limit its operation. *Wilson* at ¶ 38. The plain language of R.C. 2305.15(A) therefore does not create an exception to the medical-claim statute of repose.

**{¶ 38}** A comparison of R.C. 2305.15(A) with R.C. 2305.16 proves this point. Both statutes cross-reference the periods of limitation enacted in the same range of statutes: R.C. 2305.04 to 2305.14, 1302.98, and 1304.35. R.C. 2305.15(A) and 2305.16 therefore toll the exact same periods of limitation. One would therefore expect both statutes to apply the same way to the medical-claim statute of repose, yet they do not. R.C. 2305.113(C) makes the tolling provisions of R.C. 2305.16 an express exception to the medical-claim statute of repose, but it does not create an express exception for an absconding defendant under R.C. 2305.15(A). Why? Because the General Assembly understood that the language of R.C. 2305.15(A) and 2305.16 does not limit the statute of repose. The General Assembly then made R.C. 2305.16 an express limitation because it intended that tolling provision to apply to the statute of repose. It did not do the same thing for R.C. 2305.15(A), because it did not mean for the time that a defendant is absconded to toll the statute of repose.

*The Implications of Today's Decision*

**{¶ 39}** "The statute of repose exists to give medical providers certainty with respect to the time within which a claim can be brought and a time after which they may be free from the fear of litigation." *Ruther v. Kaiser*, 134 Ohio St.3d 408, 2012-Ohio-5686, 983 N.E.2d 291, ¶ 19. The majority today overrides that statutory purpose and tolls the running of the statute of repose whenever the medical provider simply leaves the state—even if he or she departs Ohio without the intention to evade a malpractice action. Under the majority's holding today, when a medical provider leaves Ohio to practice in another state or to retire, he or she potentially has unending exposure to suit for injuries that occurred years or even decades earlier. That result is contrary to the legislative intent of R.C. 2305.113(C). The General Assembly provided a statute of repose to address the problems caused by stale litigation, including the loss of evidence and witnesses, changes in standards of care over long periods, and the "unacceptable burden to hospitals and health care practitioners" of maintaining records "for a period of time in excess of the time period presented in the statute of repose." 2002 Am.Sub.S.B. No. 281, Section 3, 149 Ohio Laws, Part II, at 3850. And it acted to provide complete repose to medical providers after four years, subject only to three express exceptions.

**{¶ 40}** This court does not have the final word regarding the interpretation of a statute. We have observed that " 'the General Assembly has shown no hesitation in acting promptly when it disagrees with appellate rulings involving statutory construction and interpretation.' " *In re Bruce S.*, 134 Ohio St.3d 477, 2012-Ohio-5696, 983 N.E.2d 350, ¶ 11, quoting *State v. Ferguson*, 120 Ohio St.3d 7, 2008-Ohio-4824, 896 N.E.2d 110, ¶ 23, *superseded by statute on other grounds as stated in State v. Jarvis*, 167 Ohio St.3d 118, 2021-Ohio-3712, 189 N.E.3d 754. If the majority today has misinterpreted R.C. 2305.113 and 2305.15, as I believe it has, the General Assembly has the prerogative to correct the court's mistake by

amending those statutes to preclude the tolling of the medical-claim statute of repose while the defendant is absconded.

**Conclusion**

**{¶ 41}** The period given for a claimant to bring a cause of action is a matter of public policy reserved to the General Assembly. *See Erwin v. Bryan*, 125 Ohio St.3d 519, 2010-Ohio-2202, 929 N.E.2d 1019, ¶ 29. "[I]t is not the role of the courts to establish their own legislative policies or to second-guess the policy choices made by the General Assembly." *Kaminski v. Metal & Wire Prods. Co*., 125 Ohio St.3d 250, 2010-Ohio-1027, 927 N.E.2d 1066, ¶ 61. Rather, "[o]ur role, in exercise of the judicial power granted to us by the Constitution, is to interpret and apply the law enacted by the General Assembly." *Houdek v. ThyssenKrupp Materials N.A., Inc.*, 134 Ohio St.3d 491, 2012-Ohio-5685, 983 N.E.2d 1253, ¶ 29.

**{¶ 42}** Here, R.C. 2305.15(A) does not limit the medical-claim statute of repose. And although R.C. 2305.113(C) creates express exceptions to the operation of the medical-claim statute of repose, it does not create an exception for when the defendant has absconded from the jurisdiction. Consequently, the statute of repose has not been tolled while appellant, Abubakar Atiq Durrani, M.D., is absconded from the state. I therefore would reverse the judgment of the First District Court of Appeals. Because the majority does not, I dissent.

KLATT, J., concurs in the foregoing opinion.

_____

Robert A. Winter Jr.; James F. Maus; and Statman Harris, L.L.C., and Alan Statman, for appellee.

Taft, Stettinius & Hollister, L.L.P., Aaron M. Herzig, Russell S. Sayre, Philip D. Williamson, and Anna M. Greve, for appellant.

Squire Patton Boggs (U.S.), L.L.P., Lauren S. Kuley, and Jeffrey W. DeBeer, urging reversal for amici curiae Ohio Hospital Association, Ohio State Medical Association, and Ohio Osteopathic Association.

Sean McGlone, urging reversal for amicus curiae Ohio Hospital Association.

Flowers & Grube, Paul W. Flowers, Melissa A. Ghrist, and Louis E. Grube, urging affirmance for amicus curiae Ohio Association for Justice.

—————————————