[Cite as *Dumais v. Cincinnati Children's Hosp. Med. Ctr.*, 2024-Ohio-1022.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| PAUL DUMAIS, | : | APPEAL NOS. C-230190 |
| | | C-230191 |
| Plaintiff-Appellant, | : | TRIAL NO. A-2100924 |
| vs. | : | |
| | | *O P I N I O N.* |
| CINCINNATI CHILDREN'S HOSPITAL MEDICAL CENTER, | : | |
| RICHARD AZIZKHAN, M.D., | : | |
| ALVIN CRAWFORD, M.D., | : | |
| and | : | |
| ERIC WALL, M.D., | : | |
| Defendants-Appellees, | : | |
| and | : | |
| ABUBAKAR ATIQ DURRANI, M.D., | : | |
| Defendant. | : | |

Civil Appeals From:  Hamilton County Court of Common Pleas

Judgments Appealed From Are:  Affirmed

Date of Judgment Entry on Appeal: March 20, 2024

*Statman Harris, LLC*, *Alan J. Statman* and *Benjamin M. Maraan, II*, for Plaintiff-Appellant,

*Dinsmore & Shohl LLP*, *J. David Brittingham*, *Allison G. Knerr* and *Samuel J. Otis*, for Defendants-Appellees.

**ZAYAS, Presiding Judge.**

{¶1} Plaintiff-appellant Paul Dumais brought the instant medical-malpractice action against defendant Dr. Abubakar Atiq Durrani ("Dr. Durrani"), as well as defendants-appellees Cincinnati Children's Hospital Medical Center ("CCHMC"), Dr. Richard Azizkhan, Dr. Alvin Crawford, and Dr. Eric Wall (hereinafter collectively referred to as "the doctor defendants"). The complaint asserts claims arising from a surgery performed on plaintiff by Dr. Durrani in 2008. In the trial court, CCHMC and the doctor defendants moved to dismiss the claims against them, arguing that the claims were time-barred by the medical-claim statute of repose. The trial court agreed and entered separate orders dismissing the respective claims. Plaintiff now appeals. In three assignments of error, he challenges the trial court's dismissal of certain claims. For the reasons that follow, we affirm the judgments of the trial court as the claims in question are time-barred by the medical-claim statute of repose.

## I. Brief Factual and Procedural History

{¶2} The complaint asserts that plaintiff, born in 1994, was diagnosed with scoliosis in 2007. He and his family met with Dr. Durrani at CCHMC where Dr. Durrani assertedly "lied" to plaintiff and his parents about the necessity and urgency of surgical intervention. In 2008, Dr. Durrani performed a "dangerous, unnecessary, and nonindicated surgery in which he unnecessarily removed a vertebra" in plaintiff's spine. At the time of the surgery, CCHMC was allegedly investigating Dr. Durrani and well-aware of Dr. Durrani's "dangerous, fraudulent, and unethical practice." Yet, neither CCHMC nor any of the doctor defendants informed the plaintiff about Dr. Durrani's asserted history of misconduct. Plaintiff was left in "far worse" condition post-surgery. Further, rather than be truthful with plaintiff post-surgery, Dr. Durrani,

the doctor defendants, and CCHMC allegedly continued to treat plaintiff with more unnecessary treatments.

{¶3} In March 2021, plaintiff filed the instant action asserting claims arising from the 2008 surgery. Of relevance, the complaint asserts claims against CCHMC for vicarious liability, negligent credentialing, and fraud, and against the doctor defendants for breach of fiduciary duty and negligence.[1] The complaint also asserts claims for fraud in the concealment and constructive fraud against "all defendants." CCHMC and the doctor defendants each subsequently moved to dismiss the claims against them as time-barred by the medical-claim statute of repose, arguing that the action was filed more than four years from the time that plaintiff reached the age of majority. After responsive briefing, the trial court agreed with CCHMC and the doctor defendants and entered separate orders dismissing the respective claims.

{¶4} Plaintiff now appeals. In his first and second assignments of error, he challenges the trial court's dismissal of his claims against CCHMC for vicarious liability and negligent credentialing. In his third assignment of error, he challenges the trial court's dismissal of his claims against the doctor defendants for civil fraud and breach of fiduciary duty.

## II. Law and Analysis

### A. Standard of Review

{¶5} A Civ.R. 12(B)(6) motion to dismiss tests the sufficiency of the complaint. *Janson v. Christ Hosp.*, 1st Dist. Hamilton Nos. C-200047, C-200048, C-200050, C-200052, C-200053, C-200054, C-200055 and C-200056, 2021-Ohio-1467, ¶ 13. When ruling on such a motion, the trial court must accept all factual

---

[1] The complaint also contained several other claims against CCHMC that were subsequently dismissed prior to this appeal on January 6, 2023.

assertions in the complaint as true and draw all reasonable inferences therefrom in favor of the nonmoving party. *Id.* The motion should be granted only if it appears beyond doubt that the plaintiff can prove no set of facts entitling him to relief. *Id.* This court reviews a trial court's ruling on a Civ.R. 12(B)(6) motion de novo, and, like the trial court, we must take all factual assertions in the complaint as true and draw all reasonable inferences therefrom in favor of the nonmoving party. *Id.* at ¶ 14.

### B. First Assignment of Error

{¶6} In his first assignment of error, plaintiff argues that the trial court erred in dismissing his vicarious-liability claim against CCHMC based on the medical-claim statute of repose as the claim was timely filed since he was a minor until 2012 and then Dr. Durrani fled the country in 2013, causing his claim to again be tolled under R.C. 2305.15.

{¶7} The medical-claim statute of repose provides that no action upon a "medical claim," as defined in R.C. 2305.113(E)(3), shall be commenced "more than four years after the occurrence of the act of omission constituting the alleged basis of" the medical claim. R.C. 2305.113(C)(1). Generally, any action upon a medical claim that is not commenced within the four-year repose period is time-barred. R.C. 2305.113(C)(2).

{¶8} However, where the person entitled to bring the action is within the age of minority or of unsound mind, the repose period is tolled under R.C. 2305.16. *See* R.C. 2305.113(C); *Wilson v. Durrani*, 164 Ohio St.3d 419, 2020-Ohio-6827, 173 N.E.3d 448, ¶ 29 (recognizing an exception to the statute of repose where "the statute of repose is tolled 'as to persons within the age of minority or of unsound mind as provided in' R.C. 2305.16").

4

{¶9} Further, "R.C. 2305.15(A) and (B) explicitly make the tolling statute an exception to the statute of repose." *Elliot v. Durrani*, 171 Ohio St.3d 213, 2022-Ohio-4190, 216 N.E.3d 641, ¶ 18. However, R.C. 2305.15 is only applicable to toll claims against the person who is alleged to be out of the state, absconded, or concealed. *See Wilson v. Durrani*, 1st Dist. Hamilton No. C-180196, 2021-Ohio-3226 ("*Wilson I*"), ¶ 13, quoting *Elliot v. Durrani*, 2021-Ohio-3055, 178 N.E.3d 977 ("*Elliot I*"), ¶ 45 (1st Dist.) (" 'For R.C. 2305.15(A) to apply, the person against whom the cause of action accrues must be out of state, absconded, or concealed.' "). This court has repeatedly rejected the argument that R.C. 2305.15 applies to toll claims against Dr. Durrani's employer/principal based on Dr. Durrani's flight from the country where there is no claim that the employer/principal itself was out of the state, absconded, or concealed. *See, e.g., Wilson I* at ¶ 13; *Elliot I* at ¶ 44-50; *Osborn v. Durrani*, 1st Dist. Hamilton No. C-200205, 2021-Ohio-3426, ¶ 11; *Stephenson v. Durrani*, 2023-Ohio-2500, 221 N.E.3d 1037, ¶ 9-14 (1st Dist.).

{¶10} Here, there is no assertion that CCHMC was ever out of the state, absconded, or concealed at any point. Plaintiff recognizes this court's precedent on this issue but asserts that these cases must be "tempered" in light of *Clawson v. Hts. Chiropractic Physicians, L.L.C.*, 170 Ohio St.3d 451, 2022-Ohio-4154, 214 N.E.3d 540. In *Clawson*, the Ohio Supreme Court expressly agreed with this court's precedent finding that a vicarious-liability claim for medical malpractice against a physician's employer is precluded where a direct claim against the physician is time-barred. *Id.* at ¶ 29, citing *McQuade v. Mayfield Clinic, Inc.*, 2022-Ohio-785, 186 N.E.3d 278, ¶ 20 (1st Dist.), *Rush v. Univ. of Cincinnati Physicians, Inc.*, 2016-Ohio-947, 62 N.E.3d 583, ¶ 25 (1st Dist.), and *Henry v. Mandell-Brown*, 1st Dist. Hamilton No. C-090752, 2010-Ohio-3832, ¶ 14. Plaintiff appears to assert that such a holding automatically

makes the inverse become true: if a claim is tolled against a physician, the claim is automatically tolled against the physician's employer as well. However, *Clawson* does not support such a conclusion and we see no other authority to support such a conclusion in the context of R.C. 2305.15. Consequently, plaintiff has not presented any compelling reason for this court to overrule its precedent on this issue.

{¶11} Plaintiff's vicarious-liability claim against CCHMC arises from the surgery performed by Dr. Durrani on plaintiff in 2008. Plaintiff reached the age of majority in 2012. There is no assertion that CCHMC was ever out of the state, absconded, or concealed at any point. Yet, the complaint was not filed until March 2021. Because the complaint was filed well beyond the four-year repose period, the trial court correctly found that the vicarious-liability claim against CCHMC is time-barred by the medical-claim statute of repose. Accordingly, we overrule the first assignment of error.

## C. Second Assignment of Error

{¶12} In his second assignment of error, plaintiff argues that the trial court erred in dismissing his negligent-credentialing claim against CCHMC based on the medical-claim statute of repose because a negligent-credentialing claim is not a "medical claim" under R.C. 2305.113(E)(3).

{¶13} In relevant part, "medical claim" is defined as "any claim that is asserted in a civil action against a physician, * * * [or] hospital, * * * [or] against any employee or agent of a physician * * * [or] hospital, * * * that arises out of the medical diagnosis, care, or treatment of any person." R.C. 2305.113(C)(3).

{¶14} This court has repeatedly rejected the argument that a negligent-credentialing claim arising from substantially similar circumstances is not a medical claim for purposes of the medical-claim statute of repose. *See, e.g.*, *Janson*, 1st Dist.

6

Hamilton Nos. C-200047, C-200048, C-200050, C-200052, C-200053, C-200054, C-200055 and C-200056, 2021-Ohio-1467, at ¶ 17-22; *Couch v. Durrani*, 1st Dist. Hamilton Nos. C-190703, C-190704, C-190705, C-190706 and C-190707, 2021-Ohio-726, ¶ 9-22.

**{¶15}** Plaintiff recognizes this court's precedent on this issue but asserts that this court should "reconsider and correct this holding." Yet, he does not present any new arguments that this court has not already considered and rejected. Because plaintiff has presented no compelling reason to overrule this court's precedent on this issue, we overrule the second assignment of error.

### D. Third Assignment of Error

**{¶16}** In his third and final assignment of error, plaintiff argues that the trial court erred in dismissing his civil-fraud and breach-of-fiduciary-duty claims against the doctor defendants based on the statute of repose where the fraud claims are independent fraud claims and not medical claims.[2]

**{¶17}** Plaintiff's claims for fraud in the concealment and constructive fraud assert that misrepresentations and/or concealments were made during the plaintiff's visits at CCHMC where Dr. Durrani met and operated on the plaintiff, defendants were aware and/or recklessly ignored the fraudulent activity of Dr. Durrani, failed to disclose the known information to plaintiff prior to surgery, and willfully concealed and/or covered up Dr. Durrani's fraudulent surgery.

**{¶18}** This court has repeatedly rejected substantially similar arguments that fraud claims are "independent" fraud claims and not medical claims where the

---

[2] We note that plaintiff does not assert any separate argument that the breach-of-fiduciary-duty claims are not medical claims. Rather, plaintiff only presents arguments surrounding the asserted fiduciary duty of the defendant doctors in the context of the constructive-fraud claims.

7

allegations encompassed within the claim were knowingly recommending unnecessary surgery, failing to disclose the risks of surgery, misinforming the patient about the outcome of the surgery, and concealing information to avoid civil liability. *See*, *e.g.*, *Janson*, 1st Dist. Hamilton Nos. C-200047, C-200048, C-200050, C-200052, C-200053, C-200054, C-200055 and C-200056, 2021-Ohio-1467, at ¶ 25-31; *Couch*, 1st Dist. Hamilton Nos. C-190703, C-190704, C-190705, C-190706 and C-190707, 2021-Ohio-726, at ¶ 28-30. Plaintiff again recognizes this court's precedent on this issue but asserts that he "respectfully encourages the Court to also reconsider and correct these holdings." Yet, he does not present any new arguments that this court has not already considered and rejected. Therefore, we see no reason to overrule our precedent on this issue.

{¶19} Plaintiff further argues that, even if the claims are medical claims, the last culpable act regarding these claims did not occur until well beyond the surgery date. "The statute of repose measures liability from the date of 'the act or omission constituting the alleged basis of the medical claim'—i.e., the 'last culpable act' of the defendant." *Elliot*, 2021-Ohio-3055, 178 N.E.3d 977, at ¶ 53. This court has rejected attempts to elongate the statute of repose based on subsequent acts that do not independently form the basis of the claims nor allege any separate harm by virtue of the subsequent acts. *See id.* at ¶ 54. In other words, where the underlying claims "rest on the contention that Dr. Durrani improperly and unnecessarily performed surgery on them," the "act" that initiates the statute of repose is the surgery. *See*, *e.g.*, *McNeal v. Durrani*, 1st Dist. Hamilton Nos. C-180554, C-180634, C-180566 and C-180641, 2019-Ohio-5351, ¶ 15, *rev'd on other grounds*, 162 Ohio St.3d 507, 2020-Ohio-6932, 165 N.E.3d 1268.

{¶20} Nevertheless, plaintiff asserts, "The complaint presents a scheme of fraudulent misrepresentations and concealments of material facts by the Doctors that was not discovered by [plaintiff] until May 2018. This evidence was concealed for over a decade and is the new alerting event and the last culpable act or omission which prompted this Complaint." However, it is well established that that statute of repose starts running on the date of the alleged malpractice, and not the date of the discovery. *See*, *e.g.*, *Elliot*, 171 Ohio St.3d 213, 2022-Ohio-4190, 216 N.E.3d 641, at ¶ 10. Therefore, we overrule the third assignment of error.

### III. Conclusion

{¶21} Having overruled all the assignments of error, we affirm the judgments of the trial court.

Judgments affirmed.

CROUSE and KINSLEY, JJ., concur.

Please note:

The court has recorded its own entry this date.